543 So.2d 128 (1989)
Billy Ronald MITCHELL, Plaintiff/Appellant,
v.
Betty Jane Duke MITCHELL, Defendant/Appellee.
No. 20490-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
*129 McKeithen, Thurman & McKeithen by Anita D. McKeithen, Monroe, for plaintiff/appellant.
Blackwell, Chambliss, Hobbs & Henry by Sam O. Henry, III, West Monroe, for defendant/appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Billy Mitchell appeals a judgment increasing his child support obligation and also challenges the judgment for ambiguity. We reverse the judgment insofar as it grants a child support increase and strike that portion of the judgment which deals with arrearages; otherwise we affirm.
On September 27, 1970 Billy Mitchell and Betty Mitchell were married. Two girls were born of the marriage. On January 5, 1984 the parties received a judgment of separation which adopted the provisions of a joint custody implementation plan filed in the record as governing custody and support of the children. A judgment of divorce was obtained on October 18, 1984 in which custody and support were again governed by the joint custody plan. The plan grants Mrs. Mitchell the primary custody of the children and awards her $350 per month child support; when Mr. Mitchell has custody, from June 1 to July 15, his support obligation is reduced to $150 per month. In addition, Mr. Mitchell is obligated to furnish hospital insurance for the two children.
On April 16, 1986 Mr. Mitchell, in proper person, filed a rule to reduce child support. On April 29, 1986 Mrs. Mitchell answered and filed her own rule for an increase.
At the hearing on May 11, 1987 Mr. Mitchell testified that he was asking only that the support be reduced while he was unemployed. Mr. Mitchell is 39, a machinist with an 11th grade education. In 1986 he earned $34,156, but he was laid off from work on April 12, 1987. Until then he had never failed to pay his child support, but at the time of the hearing he was over one month in arrears. He had remarried on October 5, 1985. His new wife is no longer working, and they have a nine-month old baby. Mr. Mitchell and his family are currently living at his sister's house, paying her rent and one-half the utilities. His itemized list of expenses showed that he spends $1,229.50 per month for himself and $155 for his family. He testified without contradiction that he had been actively seeking employment since he was laid off.
Mrs. Mitchell is employed at the West Monroe Moose Lodge where she makes $779.61 per month. Her itemized expenses totaled $1,411.40 per month, with $537.13 per month being spent on each child. She admitted, however, she had included in her itemized list of expenses an estimated $200 car note for a car she did not yet have. Significantly, Mrs. Mitchell did not testify that the children's expenses are greater now than at the time of the previous judgment; nor did she show the amount of either her income or expenses at date of the divorce.
After the close of the evidence, the trial judge gave oral reasons in which he stated he was increasing the child support to $250 per month per child, but "because of Mr. Mitchell's current financial condition, and the fact that he is out of employmentout of work, the court is going to suspend all but $250 per month of his child support obligation until such time as he is re-employed." The judgment, however, was not signed and filed until May 7, 1988. It ordered that Mr. Mitchell's child support would be reduced from $350 to $250 until such time as he returns to work; that when he returns to work his child support obligation would increase to $250 per month *130 per child; and finally that at such time as he returns to work any arrearages would be paid at the sum of $50 per month. No party filed a motion to amend the judgment.
On July 18, 1988 Mr. Mitchell filed this appeal from the judgment signed May 7, 1988. Mrs. Mitchell neither appeals nor answers his appeal. Mr. Mitchell has assigned two errors:
(1) The court erred in increasing the support award in the absence of his increased ability to pay and the children's increased expenses.
(2) The judgment is ambiguous.
In his first assignment of error appellant argues the trial judge erred in increasing his child support obligation when appellee failed to show a change in circumstances since the prior judgment of October 8, 1984.
Even a consent judgment fixing child support may not be modified absent a showing, by the party seeking the modification, of a substantial change in the circumstances of the party for whose benefit the support was granted warranting the increase. LSA-R.S. 9:311; Barfield v. Barfield, 483 So.2d 1085 (La.App.2d Cir.1986); Updegraff v. Updegraff, 421 So.2d 1165 (La.App.2d Cir.1982). The modification may not be based entirely on cost of living increases, since generally both parties are affected. Ducote v. Ducote, 339 So.2d 835 (La.1976).
At trial Mrs. Mitchell testified that her current income was $779.61 per month, but did not state what her income was at the time of the separation or divorce; similarly, she introduced an itemized list of her current expenses, but failed to show whether they had increased since the prior judgments. Mrs. Mitchell did not even testify that the children's expenses had increased in the last four years. There is nothing in the record to show a change in Mrs. Mitchell's or the children's expenses since the date of the prior judgment. Without this showing, we must find that the trial judge abused his great discretion in increasing the child support award. Accordingly, we reverse that portion of the judgment that orders the support increased to $250 per month per child.
In Mr. Mitchell's second assignment of error, he alleges that the judgment is ambiguous. He argues both that the judgment's wording "at such time, Billy Ronald Mitchell returns to work" is not definite enough to increase his child support obligation; and that the judgment is rendered ambiguous by the indiscriminate use of "suspended" in the oral reasons and "reduced" in the signed judgment. His first argument is rendered moot by our disposition of the first assignment of error. His second argument lacks merit.[1] Only the *131 signed judgment can be appealed from, not the oral reasons for judgment. Hardin v. Munchies Food Store, 510 So.2d 33 (La. App.2d Cir.1987); Succession of Velasquez-Bain, 471 So.2d 731 (La.App. 4th Cir. 1985), writ denied 476 So.2d 354 (La.1985). The judgment appealed from, which was signed May 7, 1988, is not ambiguous. It clearly provides that the child support obligation is to be reduced to $250 per month until Mr. Mitchell is no longer unemployed. There is no merit in appellant's second assignment of error.
We note that when Mrs. Mitchell filed the rule to increase child support she did not sue for arrearages. Therefore, any provision in the judgment concerning arrearages is premature.
We delete that portion of the judgment which reads
FINALLY ORDERED that "at such time as Billy Ronald Mitchell returns to work" he shall pay the additional sum of $50.00 per month for the purpose of paying past unpaid child support that had accrued through the date of this judgment.
We reverse the judgment insofar as it grants an increase in child support and accordingly recast that portion of the judgment providing for an increase in child support to read as follows:

* * * * * *
FURTHER ORDERED that "at such time as Billy Ronald Mitchell returns to work" his obligation to pay child support to Betty Jane Duke Mitchell shall return to $350.00 per month payable on the 1st and 15th of each month, ...
Costs of this appeal are assessed to the appellee.
REVERSED IN PART AND RENDERED; AFFIRMED IN PART.
NOTES
[1] This argument is obviously prompted by the actions of both the Ouachita Parish District Attorney and appellant's former wife in filing rules to assess arrearages that consider the "suspended" portion of the child support award to be accrued arrearages. In his oral reasons of May 11, 1987, the judge stated that all but $250 per month of Mr. Mitchell's child support obligation would be suspended until such time as he was re-employed. On January 20, 1988 pursuant to LSA-R.S. 46:236.2 the District Attorney filed a motion to amend the support judgment, which had not yet been signed, by requesting that Mr. Mitchell's child support be paid to the Department of Health and Human Resources. Pursuant to that motion, on January 21, 1988 a judge of a different division of the same district ordered that Mr. Mitchell's payments be made to the DHHR, and utilizing the language from the May 11, 1987 oral reasons, ordered that all but $250 per month of the child support be suspended until Mr. Mitchell's re-employment. Thereafter, on May 7, 1988 the instant judgment was signed and filed and it clearly ordered that the child support obligation be reduced to $250 per month until such time as Mr. Mitchell returned to work. Mr. Mitchell argues that the effect produced by the different terms "suspended" and "reduced" renders the May 7, 1988 judgment ambiguous.

Appellant's argument has no validity. Under LSA-C.C.P. art. 1951, it is only the written judgment which can be amended, not the oral reasons. Hebert v. Hebert, 351 So.2d 1199 (La. 1977). The attempt of January 21, 1988, to amend the judge's "oral reasons" is of no effect. Furthermore, the terms "reduced" and "suspended," as applied here, would not produce different results. It is clear that if the payments were reduced to $250 a month for a period of time, that Mr. Mitchell would owe no more than the $250 per month. Similiarly, if all but $250 per month were suspended until his re-employment, then no more than $250 is owed for each month of the suspension. See Dubroc v. Dubroc, 388 So.2d 377 (La. 1980). Whether reduced or suspended, in neither case would the difference between the child support normally owed and the $250 being paid while Mr. Mitchell was unemployed accumulate as arrearages.