600 So.2d 782 (1992)
In the Matter of Jill Ann SPENCE and her Spouse, Brian G. Spence.
No. 92-CA-77.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
James Burnett Aime, New Orleans, for plaintiff/appellee.
Robert C. Lowe and Suzette Marie Smith, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for defendant/appellant.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Jill and Brian Spence filed a joint petition for separation on November 5, 1981 asserting *783 that they had been living separate and apart for over six months and that irreconcilable differences existed to such a degree and nature as to render their living together insupportable and impossible. Both parties filed sworn affidavits attesting to those facts. The petition also contains an allegation that both Jill Spence and Melissa Spence, the only child born of the marriage, were in need of support. The petition asserts further that Brian Spence agreed to pay $150 per month in child support until Melissa reached the age of majority. Also contained in the petition is an assertion that Brian agreed to pay stated amounts of alimony to Jill Spence. The allegations contained in the petition were reduced to a consent judgment, signed by both parties, which was read, rendered and signed in open court on November 5, 1981.
On July 28, 1983 Jill Spence filed a petition for divorce based on the ground that more than six months had passed since the judgment of separation became final and no reconciliation occurred. Brian Spence accepted service, but made no appearance. A default judgment was confirmed on August 25, 1983 granting a divorce and ordering Brian Spence to pay $150 per month for support of Melissa Spence. At some time during the course of these proceedings Brian Spence moved to Florida.
On October 8, 1991 Jill Spence filed a rule to increase child support and requested service on Brian Spence through the Long Arm Statute. The rule was set for November 13, 1991.
At the hearing Brian Spence did not appear in person or through counsel. After the hearing a judgment increasing monthly child support from $150 to $1000 was rendered.
Brian Spence appeals that judgment and assigns two errors as follows: (a) the trial court erred, as a matter of law, in granting judgment when it did not have personal jurisdiction over the defendant; and, (b) the trial court erred, as a matter of law, in increasing child support without competent evidence of Mr. Spence's income.

JURISDICTION
Appellant's argument regarding personal jurisdiction is couched in terms of due process requirements necessary for an exercise of personal jurisdiction by a Louisiana court over a non-resident who was made a defendant to an action filed in Louisiana. While appellant correctly states the law, he misapplies it to the instant matter. Mr. Spence was domiciled in Jefferson Parish, Louisiana at the time of his marriage in 1975, and at the time of the separation in 1981. Mr. Spence was not made a defendant in a lawsuit. He was, in fact, a joint petitioner in the original proceeding. In the subsequent divorce proceeding he accepted service.
It is well established that a court having the personal jurisdiction over a party to grant an award of child support or alimony retains jurisdiction over a non-resident defendant where there is a subsequent request to modify such an award. See Imperial v. Hardy, 302 So.2d 5 (La.1974); Webb v. Webb, 357 So.2d 1288 (La.App. 3rd Cir. 1978); Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir.1979). Because the court properly granted unto appellee an award of child support, it has continuing jurisdiction to modify the decree. Imperial v. Hardy, supra. Since it is clear that the court retained both subject matter and personal jurisdiction, personal jurisdiction over the defendant is not at issue here.
Appellant also maintains he received no notice of the rule and that no return of service or affidavit of service is contained in the record. The record belies appellant's claim. Contained in the record is an affidavit of service filed on November 13, 1991 attesting to the fact a certified copy of the citation, petition and a subpoena Duces Tecum were served on Brian Spence, by certified mail properly addressed and postage prepaid. Also contained in the record is a copy of a return receipt indicating the mailing was received on October 15, 1991, at Brian Spence's domicile by his agent, Doris Wright.
We are not persuaded by appellant's argument that the judgment cannot be rendered until 30 days after the filing of the *784 affidavit of service. That argument is based on the requirements for confirming a default judgment against a defendant when personal jurisdiction under the Long Arm Statute is exercised. See LSA-R.S. 13:3205. For the foregoing reasons that statute is inapplicable.
We find that the court had personal jurisdiction over the defendant and pretermit any discussion of whether service was sufficient since we find appellant's second assignment of error to have merit.

COMPETENT EVIDENCE
The appellant asserts the judgment was rendered upon insufficient evidence. We agree. LSA-R.S. 9:311 A provides that:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
This requirement, that the party seeking modification or termination of child support payments must show a substantial change in circumstances, is necessary even in instances where the judgment fixing child support was by consent. Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2nd Cir. 1989).
The only evidence offered to show a change in circumstances was testimony given by Jill Spence, who testified as follows:
Q Do you have any idea what Mr. Spense presently earns?
A I called someone at the union hall, and they gave me information somewhere in the neighborhood of 100,000 to $150,000 a year.
Q Okay. Back in 1983, when you were divorced, what was his position, his employment?
A He was just a third engineer then.
Q He's a seaman?
A Yeah. He's a
Q Third engineer of ships?
A Uh-huh (affirmative response.)
Q And in 1983, what were his earnings, his average earnings?
A 60,000 to 90,000 a year.
Q Okay. And what is his present position?
A He's now the first engineer, he may be chief engineer, for all I really know.
Q And so is it your testimony that he makes at least $100,000 a year?
A Yes, he does.
There was nothing, other than that statement by Jill Spence, to indicate that Brian Spence's income had increased. There was no mention of Jill Spence's income or of her expenses. There is nothing to indicate that the child's expenses have increased. No documents whatsoever were introduced into evidence.
Modification of child support payments is now regulated by LSA-R.S. 9:315 et seq. LSA-R.S. 9:315.1A. Those statutes explicitly set forth mandatory requirements for setting amounts of child support. LSA-R.S. 9:315.2 provides:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the *785 combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in his Part.
The necessary documentary evidence, such as verified income statements and most recent federal tax returns, was not introduced into the record. Further, the record is devoid of any evidence with which to determine whether Jill Spence is employed. Without the mandated evidence the trial court could not properly apply the guidelines of LSA-R.S. 9:315 et seq. Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991).
For the foregoing reasons the judgment of the trial increasing the amount of monthly child support from $150 to $1000 is reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.