BOWES, Judge.
Defendant, Gersdorf Frank Smith, appeals a judgment of the district court ordering an increase of child support payments to plaintiff Deborah Hebert Smith. With great reluctance we must annul and set aside the judgment and remand the matter to the district court for further proceedings.
The parties were divorced in 1984. At that time Mrs. Smith was granted custody of the minor children of the marriage, Andre and Adrian; Mr. Smith was ordered to pay alimony in the amount of $500.00 and child support in the amount of $800.00 per month. At the time of the judgment Mr. Smith was incarcerated in a federal penitentiary on drug charges, but was released shortly thereafter. In May of 1985, he was found to be in contempt of court for failure to pay any child support whatsoever and sentenced to parish prison. By virtue of a subsequent consent judgment, child support was reduced to $300.00 per month and all past due arrearages were waived.
Once again, in September of 1989, another rule for contempt for failure to pay support was filed by Mrs. Smith along with a rule for an increase. The record discloses that Mr. Smith successfully avoided process for two years, until a private process server effected services in 1991 and a hearing was subsequently held. On September 6, 1991, judgment was rendered ordering Smith to pay (1) $22,000.00 in past due support, plus legal interest; (2) attorney fees; and (3) granting Smith until October 1, 1991 to purge himself of the contempt. At that time, the record shows that the defendant appeared and was represented by his attorney. On October 4, 1991 another hearing was held and a judgment rendered ordering several actions not pertinent to this opinion. However, the judgment does state that the rule to increase child support was continued until November 5, 1991. On October 14, 1991, counsel for Smith withdrew from the case.
The child support rule was heard on November 5, 1991, the date previously set in October while Smith still had retained counsel. Smith did not appear; however, his former attorney was in the courtroom on another matter and stated on the record that while Smith had been given the contents of his file, he was “not entirely positive that he [Smith] is aware of today’s court date.” After reviewing the pleadings and former orders of the court in the record, the court awarded an increase of support to $800.00 per month. Interestingly, however, we note that no testimony was elicited nor was any evidence produced to reach this result.
At the outset we note that this matter is not, in its present status, subject to the Guidelines For Determination of Child Support under LSA-R.S. 9:315, et seq. inasmuch as the proceeding commenced prior to October 1, 1989, all as outlined in LSA-R.S. 9:315.1(A), which states in pertinent part:
*899 The guidelines set forth in this part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989....
Since these proceedings were filed in September of 1989, LSA-R.S. 9:315 et seq is not applicable.
Defendant contends on appeal that it was error to grant an increase in support without any evidence being introduced or a prima facie case being presented. We agree. LSA-R.S. 9:311 states as follows:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
B. A judgment for past due support shall not of itself constitute a change in circumstances of the obligor sufficient to reduce an existing award of support.
The party seeking modification bears the burden of showing a change of circumstances of one or both of the spouses. Camp v. Camp, 560 So.2d 469 (La. App. 1 Cir.1990); Jordan v. Jordan, 432 So.2d 314 (La.App. 5 Cir.1983). Even a consent judgment fixing child support may not be modified absent a showing by the party seeking modification of a substantial change of circumstances. Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2 Cir.1989). In Mitchell, supra, as in the present case, there was no evidence of record (not even the testimony of the mother) to show such a change in the expenses of the children or in the income of the custodial parent.
Mrs. Smith stated in her rule for an increase that the change of circumstances consisted of increased medical expenses for one child, who suffers from cystic fibrosis; increased medical insurance costs for the other child who suffered severe personal injuries; the need for surgical treatment of that child, Andre, which will entail considerable medical expense; and the fact that the former family domicile was then in foreclosure proceedings (that residence has now been destroyed by fire). We note that these changes, if proven, even as a prima facie case (without contest) would probably support an increase in child support under either the former law and jurisprudence prior to October 1, 1989, or under LSA-9:315 et seq. However, absent any such proof or even testimony, we are obligated to annul the judgment granting such an increase as Mrs. Smith has not borne her burden of proof.
While we (as did, undoubtedly, the trial court) have the utmost sympathy for the circumstances in which Mrs. Smith has been placed by the abominable conduct of her former husband and father of her two very ill children, we have no recourse but to remand the cause for hearing on her motion for an increase.
Defendant also argues that he was not properly served with notice on appeal. Because of our finding hereinabove, we need not address this assignment of error.
DECREE
For the foregoing reasons, the judgment increasing the child support award in this case is annulled and set aside, and the matter is remanded to the trial court for further proceedings at a contradictory hearing to be held at the earliest practicable time.
ANNULLED AND SET ASIDE; REMANDED.