SHORTESS, Judge.
This is a civil appeal from a family court judgment awarding an increase in child support to Beverly Kay Smith Walock (plaintiff) from her former spouse, Monty Wilbert Wal-oek (defendant). Defendant claims the trial court legally erred by granting an increase without requiring plaintiff to show a change in circumstances between the time of a previous support award and the time of the motion for modification of the award. Defendant also claims the trial court legally erred in deviating from the Child Support Guidelines and in not giving reasons for the deviation. The court must detail the full chronology of events to address defendant’s assignments of error.
A. Facts
Plaintiff and defendant were divorced July 28, 1981. That judgment (hereinafter the “1981 decree”) awarded plaintiff $300.00 per month in child support.[1] Plaintiff testified and defendant did not contest that the award was divided into $150.00 in cash and $150.00 in child support credit applied to his equity in the home. The parties agreed and the divorce decree ordered that either party could request a redetermination of the child support obligation without showing a change of circumstances.
On February 11, 1992,[2] defendant consented to an order of support before the juvenile court pursuant to Louisiana Revised Statute 14:75. That order increased his monthly payments to $400.00 ($200.00 per child), and “continu[ed]” the $150.00 credit, ordering it to be received “from the aforementioned child support payments.”[3]
On March 11, 1992, one month later, plaintiff filed a “Petition for Change of Child Support Judgment” in family court, seeking an increase in support and deletion of the $150.00 credit.
On March 30, 1992, the juvenile court *1134 judgment was signed. It was not appealed.[4]
On July 28,1992, a trial was held in family court on the March 11 petition. A judgment was signed August 12, 1992, increasing defendant’s payments to $600.00 per month and deleting the $150.00 credit.
B. Change in Circumstances
Ordinarily, a person seeking to modify or terminate a child support order must show a change in circumstances between the time of the previous award and the time of the motion for modification of the award. La.R.S. 9:311(A). This requirement is necessary even when the judgment fixing child support was consensual. Matter of Spence, 600 So.2d 782 (La.App. 5th Cir.1992); Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2d Cir.1989).
Defendant contends the judgment in juvenile court to which he consented modified the portion of the 1981 decree providing that either party could seek redetermination without showing a change in circumstances. Therefore, he argues plaintiff should have been required to show a change in circumstances between February 11, 1992, and March 11, 1992.
The stipulation into which defendant entered in juvenile court increasing his support obligation was ordered pursuant to Louisiana Revised Statute 14:75. This statute allows the juvenile court to issue a support order directing a defendant charged with criminal neglect of family under Revised Statute 14:74 to pay a certain sum in child support. With the defendant’s consent, the support order is issued prior to a trial and “in lieu of’ imposing the criminal punishments -with the defendant’s consent. The juvenile court is authorized to increase or decrease the amount set “as circumstances may require.”[5]
The Louisiana Supreme Court has likened judgments issued under this statute to “plea bargains.” State v. St. Pierre, 515 So.2d 769 (La.1987). Defendant cites Mitchell, 543 So.2d 128, for the proposition that a change in circumstances must be shown even when the judgment fixing child support was by consent. We agree Mitchell applies to consent judgments; however, plaintiff and defendant did not enter into a consent judgment in juvenile court. A juvenile court proceeding is brought under the criminal statutes by the district attorney on behalf of the state. The parties to the agreement are the state and the defendant.
The juvenile court’s jurisdiction over proceedings for nonsupport or criminal neglect of a child is provided in Louisiana Children’s Code article 311. That article states in subsection B:
B. A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.
According to the official comments, paragraph B was added to clarify the indepen *1135 dent nature of juvenile and civil court support awards, allowing coexistent orders under which payment to one may serve as a setoff for the other. La.Ch.C. art. 311, Comment b. It is clear from the article and comments that juvenile and civil awards of support are independent of each other. Mitchell v. Mitchell, 610 So.2d 1114, 1116 (La.App. 5th Cir.1992).
The juvenile court judgment did not and could not modify the 1981 divorce decree. The parties to the agreement in juvenile court were the state and the defendant. It is an independent and co-existing support order, which is now final.[6]
The juvenile court judgment was irrelevant to the family court’s independent determination whether to modify the 1981 decree. The relevant “consent” judgment in this case was the 1981 decree, under which either party was free to seek a redetermination in a civil proceeding without having to show a change in circumstances. An express and unequivocal waiver of the requirement of proving a change in circumstances in a consent agreement does not violate public policy. Aldredge v. Aldredge, 477 So.2d 73 (La.1985). When the original order for child support was made pursuant to a valid consent agreement, the party seeking a modification need not prove a change in circumstances, but is entitled to a res nova hearing on the child support issue. Aldredge, 477 So.2d 73.
C. Calculation
Louisiana Revised Statutes 9:315-315.14 provide guidelines for the determination of child support. Under these guidelines, the trial court must determine the adjusted gross income of each parent and each parent’s proportionate share of the combined amount. The court then determines the basic child support obligation by using the schedule found in Revised Statute 9:315.14. To this figure the court must add the net child care costs and the cost of health insurance premiums incurred on behalf of the child. The court may also add certain other amounts or deduct certain income of the child. La.R.S. 9:315.2-315.8. The court then determines each parent’s share of the total obligation by multiplying his or her percentage share of the combined adjusted gross income by the total support obligation. La. R.S. 9:315.8(C).
At the time the petition for change was filed, plaintiffs income was $1,150.00 per month. Defendant was collecting approximately $784.00 per month in unemployment compensation.[7] Defendant’s second spouse earned approximately $1,750.00 per month.
The court may consider as income the benefits a party derives from remarriage or expense sharing. However, in determining the benefits of expense sharing, the court may consider the income of another spouse only to the extent such income is used directly to reduce the cost of a party’s actual expenses. La.R.S. 9:315(6)(c).
Defendant admitted at trial he gives his wife his paycheck and she pays the bills. He did not testify how she directly reduces his expenses with her own income. The record does not contain sufficient evidence to show how defendant’s second spouse directly reduces his actual expenses. Therefore, it was not appropriate for the trial court to consider the second spouse’s earnings. The appropriate earnings the trial court should have used were plaintiffs monthly earnings and defendant’s unemployment income.
Plaintiff and defendant’s combined earnings were $1,934.00, which under the guide *1136 lines provides $508.00 for two children.[8] Defendant’s share of that total obligation is 40%, or $208.00.
The trial court stated: “The court will increase the amount of child support as per the guidelines considering her income only and his unemployment only to $600 a month_” The trial judge’s comments are not clear as to whether “her income only” refers to the first wife or to the second wife. In either case, the calculation was incorrect. We have already concluded the evidence was insufficient for the trial judge to consider the second wife’s income, and based on plaintiffs and defendant’s incomes, the proper amount defendant owed was approximately $208.00.
The trial judge also legally erred if only the second wife’s and defendant’s incomes were used to calculate the payment. The law requires the court to use both parents’ incomes; it may use the second spouse’s income if sufficient evidence is present. Therefore, the trial court’s options were to use plaintiffs and defendant’s incomes only, or, with sufficient evidence, to use all three incomes. The trial judge’s statements indicate only two incomes were used. If properly calculated, the appropriate result is significantly lower than the one at which the court arrived, and also lower than the award in the 1981 decree. The trial court legally erred in its calculation.
Based on the facts in the record, we find the appropriate amount of child support under Revised Statute 9:315.14 is $208.00, which is lower than the $300.00 awarded in the 1981 decree. Thus, we must reverse the judgment of the trial court insofar as it increased plaintiffs total child support to $600.00. This decision, however, does not affect the portion >of the judgment which deletes the provision of the 1981 decree regarding the credit, as defendant did not appeal that portion of the judgment. Thus, defendant is still obligated to pay to plaintiff $300.00 per month in cash under the terms of the 1981 decree, now modified by deletion of the credit.[9]
Defendant is entitled to recover for all excess payments he made pursuant to the family court judgment of August 12, 1992. We order the amount to be extinguished at the rate of no more than $100.00 per month until exhausted, this being in the best interest of the children.
For the foregoing reasons, the judgment of the trial court is reversed in part and rendered. Costs of this appeal are assessed one-half to each party.
REVERSED IN PART AND RENDERED.

. The judgment is not a model of clarity. The language of the 1981 decree states:
[Djefendant shall pay to petitioner as child support the sum of $150.00 per month_
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant shall have a full credit of $150.00 per month child support, the same owing to petitioner out of the settlement of community property assets.

. The parties in brief refer to the February 10, 1992 juvenile court order. The judgment and minutes from the hearing show the hearing actually was held February 11, 1992. The judgment was signed March 30, 1992.

.We are uncertain whether the juvenile court judge did not understand that the monthly $150.00 credit in the 1981 decree was in addition to the $150.00 cash award, or whether she fashioned the judgment in that form because of her limited authority to "set a sum certain” under Louisiana Revised Statute 14:75.

. The juvenile court judgment is now final; however, we note the judgment states: "|T]he Judgment of this Honorable Court rendered herein on the 10th day of February, 1986, is hereby modified to increase support payments...." The record does not contain evidence of any judgment rendered by any court on that date relative to these parties. Furthermore, the juvenile court did not exist until July 1, 1990. La.R.S. 13:1621. The court has original jurisdiction concurrent with the district court. La.Ch.C. art. 302.

. Louisiana Revised Statute 14:75 reads, in pertinent part:
A. With the consent of the defendant at any time prior to a trial on a charge of criminal neglect of family, the court, in lieu of imposing the punishment herein before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court directs and maintain health care insurance.... The amount of support as set by the court may be increased or decreased as the circumstances may require.

. Additionally, we note the judgment was not signed until March 30, 1992. The petition for an increase was filed in family court March 11, 1992. Therefore, at the time the petition was filed by plaintiff, the only outstanding support order was the 1981 decree.

. $181.00 per week multiplied by 52 weeks, divided by 12, equals $784.33.

. The record before us contained very little evidence concerning the current expenses of the children. The evidence in the record was insufficient to add in extraordinary expenses, such as private school tuition to meet a particular educational need or medical expenses.

. The juvenile court support order of $400.00 per month is an independent, coexisting order, which is now final. The family court judgment cannot alter the juvenile court judgment which continues the monthly $150.00 credit. However, defendant stipulated at trial plaintiff is no longer indebted to him, thus he is no longer entitled to the credit. Payments made under either court order will be credited against the amounts accruing or accrued for the same period under the other court's decree. La.Ch.C. art. 311(B).