449 So.2d 670 (1984)
Noel Many, wife of Ancil BRANING
v.
Ancil BRANING.
No. CA-1424.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*671 A.D. Barnes, Jr., New Orleans, for appellant.
Daniel A. Ranson, Windhorst, Pastorek & Gaudry, Gretna, for appellee.
Before LOBRANO, CIACCIO and WARD, JJ.
LOBRANO, Judge.
This appeal arises out of two judgments rendered by the district court, the first making past due alimony executory and the second maintaining permanent alimony in the sum of $350.00 per month and denying appellant's rule to reduce permanent alimony. The factual situation is as follows:
On September 28, 1981, appellee Noel Many, filed a Petition for Divorce against her husband, appellant, Ancil Braning based on the grounds of adultery or, in the alternative, for a separation based on abandonment and cruel treatment. Appellee also requested a hearing for child support, alimony, custody, and the use and occupancy of the family home.
The matter proceeded to trial on December 23, 1981, at which time a judgment was rendered in favor of appellee, granting her a separation a mensa et thoro based on abandonment. This judgment also ordered appellant to pay child support in the sum of $350.00 per month until the minor reached majority on July 27, 1982, and alimony pendente lite in the amount of $350.00 per month. The judgment also provided "... permanent alimony in the amount of $350.00 per month, beginning the date of the judgment." That portion of the judgment relating to the support obligations was by consent of the parties.[1]
On February 28, 1983, a judgment of divorce was rendered granting appellee a divorce based on living separate and apart for a period of one year from the judgment of separation. The divorce judgment is silent as to any alimony provisions. Subsequently appellant discontinued the $350.00 per month payments, and hence, appellee filed a rule to make past due alimony executory, and for contempt. On May 20, 1983 the lower court awarded appellee $1,050.00 in past due alimony, but dismissed the contempt rule. Appellant, on June 16, 1983, appealed that decision, and at the same time filed a rule to reduce. The trial court denied that rule on July 19, 1983 on the basis that appellant failed to prove a change in circumstances so as to warrant an alimony reduction. That decision has also been appealed, and both are before this Court for decision at this time.
The issues presented are twofold. First, can the husband and wife consent to a judgment for permanent alimony at the time of judicial separation, but prior to *672 divorce? Second, was the trial court manifestly erroneous in his failure to reduce the permanent alimony?
Appellant's argument on the first issue is that since the divorce decree is silent on the question of permanent alimony, appellee is not entitled to same. He argues that the jurisprudence is clear that a judgment of divorce terminates previously awarded alimony. He further asserts that his due process rights were violated since he had no knowledge of his alimony obligations after the divorce because the judgment was silent.
We first note that appellant does not argue that he didn't agree to the original separation judgment which set the permanent alimony at $350.00 per month. Although appellee refers this court to the testimony of the separation hearing which resulted in that judgment, we find a review of that is unnecessary.[2] Suffice it to say that appellant acknowledges he agreed and consented to it.
By its very nature, a consent or compromise judgment is a bilateral contract wherein the parties adjust their differences by mutual consent, thereby putting an end to litigation (or anticipated litigation) with each party balancing the hope of gain against the fear of loss. Parkerson v. R-5, Inc., 305 So.2d 592 (La.App. 4th Cir.1974), writ denied 309 So.2d 679 (La. 1975). Appellant is correct in the cases he cites that a divorce judgment terminates previously awarded alimony, but those cases all refer to alimony pendente lite. It is quite clear from a reading of the separation judgment of December 23, 1981 that the parties intended the permanent alimony to be $350.00 per month at the time of the divorce, for the language states "... beginning the date of the judgment". Obviously this refers to the divorce judgment.
We find no prohibition in the law, and none has been suggested to us, whereby parties cannot agree on permanent alimony prior to the rendering of the divorce decree. Prior to the amendments by Act 627 of 1978 and Act 711 of 1979, La. Civil Code Article 1790 prohibited husband and wife from contracting with each other. However, that prohibition has now been abolished by the above mentioned amendments. Clearly, then, appellant contracted and agreed to pay permanent alimony when, and if the divorce judgment was rendered. He does not deny knowledge of the agreement or the fact that he consented to it. The trial court was correct in ordering that the consent judgment be enforced, and that appellant pay the back alimony due. His (appellant's) proper remedy was to seek a reduction in alimony,[3] which he did and which was denied. We now turn to the merits of that issue.
In refusing to reduce the award of permanent alimony, the trial court failed to find a change in circumstances to justify a reduction. Furthermore, a trial court is vested with considerable discretion in matters concerning alimony. The trial judge may have considered the amount for permanent alimony fixed by consent as a minimum for the ex-wife's needs leaving the husband with a comfortable surplus. Absent manifest error these findings should not be disturbed. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Swider v. Swider, 314 So.2d 372 (La.App. 4th Cir.1975), writ refused, 320 So.2d 551 (La.1975).
To justify altering an alimony award established by a consent decree, the party seeking modification must show a significant change in circumstances of either party from the time of the award to the time of trial of the rule. Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973); Ducote v. Ducote, 339 So.2d 835 (La.1976); Swider, supra.
A review of the evidence produced at trial does not show a substantial change in the circumstances of the parties. *673 Since the divorce, appellant has had a definite increase in his income. He has since remarried and shares his living expenses with his present wife who earns over $16,000.00 per year which must be considered as part of the overall circumstances of the parties. Swider, supra. See also, Crum v. Crum, 330 So.2d 925 (La.App. 1st 1976). Thus, we find no manifest error in the trial court's denial of the rule to reduce.
For the foregoing reasons, the trial court's judgments of May 18, 1983 and July 19, 1983 are affirmed. All costs of these proceedings to be paid by appellant.
AFFIRMED.
NOTES
[1] The language of the judgment states "by consent of the parties".
[2] Also that testimony was not included as part of the record of these proceedings. We find it unnecessary, however, to delay this matter to include same.
[3] Stolier v. Stolier, 357 So.2d 1334 (La.App. 4th Cir.1978); writ denied 359 So.2d 621 (La.1978).