608 So.2d 243 (1992)
Karen Barrett, Wife of Robert F. PALACIOS
v.
Robert F. PALACIOS.
No. 92-CA-482.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Rehearing Denied December 18, 1992.
*244 Robert G. Creely, Gretna, for plaintiff-appellee.
Evangeline M. Vavrick, New Orleans, for defendant-appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by the father of a child from a judgment for child support and visitation rights. For the following reasons we amend the judgment to allow a set-off of $3,065 for pre-paid tuition for the 1991-92 school year. In all other respects, the judgment is affirmed.
Because of our disposition of the matter, we do not recite the facts in detail as they are well known to the parties. The father urges here that the trial judge erred in fixing his child support payments at $800 per month, and in allowing him visitation with his son only in the presence of the child's maternal grandfather.
As to the visitation restrictions, we find an ample evidentiary basis in the record to support the trial judge's decision. Ms. Campo, an expert appointed by the court pursuant to La.Civ.Code, art. 131, recommended reasonable visitation in the presence of the child's grandfather because there was as yet no relationship between the father and his four year old son. It was her further recommendation that the situation be re-examined after a year, and if a relationship had by then developed, then unsupervised visitation should be permitted. We also note that the parties agreed that the father would be allowed telephone access to the child at reasonable hours. Finally, the grandfather, a medical doctor, was described by Ms. Campo as the "stable wheel" in the dispute, and noted that he and the father had a good rapport. Considering all of these circumstances, we find the action of the trial judge in ordering supervised visitation for an interim period to be reasonable.
As to the $800 per month child support award, the father contends that the judge improperly applied the child support guidelines in a number of particulars in arriving at this figure. The evidence showed that in 1991, the father earned $35,000, and the mother earned $8,200, from a part-time job. The maternal grandfather testified that he has been paying $100 per month for the child's medical insurance, and it was further shown that the cost of pre-school tuition is $4,400 per year. The trial judge properly calculated the monthly gross income of the parties to be $3,600 per month, yielding a basic monthly support obligation of $535. To this figure he added $100 for the monthly health care insurance premium, and one-twelfth of $4,400, or $366.50, for pre-school tuition, making a total support obligation of $1,001.50. He then found the father's income to be 80% (it is actually 81%) of the parents' gross income, and fixed the father's support obligation at $800.
The father first asserts here that the mother is voluntarily underemployed, as per La.R.S. 9:315.9, because she is a fulltime law school student and only works part time. He alleges that the trial court thus deviated from the guidelines in using *245 the wife's actual, rather than potential, income in calculating the basic support obligation. We disagree. The statute requires that potential income be considered, "unless the party ... is caring for a child of the parties under the age of five years." The evidence shows that the child is under five years of age, and therefore the mandatory language of the statute is inapplicable. We also note in this regard that the jurisprudence has long recognized that the continuing education of one spouse can be a circumstance which will redound to the child's eventual best interest, as well as that of the other parent, see, Massingill v. Massingill, 564 So.2d 770 (La.App. 2nd Cir. 1990); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir.1976). In the present case, we find no abuse of the trial judge's discretion in his using the mother's actual earnings to calculate the support obligation, at least for so long as she is pursuing a professional degree. In the event that she completes or abandons that course of study, then the father would probably be entitled to a recalculation of the obligation based on this change of circumstance and possibly then based on the mother's potential, rather than actual, earning capacity.
The next issue involves proffer of a letter purportedly dealing with pre-trial settlement discussions. The trial judge refused to admit the document into evidence, apparently relying on La.Code Evid., art. 408(A), which excludes such evidence. This action was clearly not an abuse of discretion and we reject the father's assertion to the contrary. Similarly, we reject his next allegation that there was no evidence to support the medical insurance premium of $100 per month. The maternal grandfather testified that this was the cost for carrying the child on his own policy, and the trial judge credited this testimony.
The father also objects to the day care tuition of $366 per month urging, first, that the institution attended by the child is too expensive; second, that he should get an offset of the value of the federal income tax credit; and third, that he is entitled to an offset of $3,065, for prepaid tuition for the 1990-91 year. As to the first assertion, there is no evidence of record to show what reasonable tuition for day care in the area might be, or to otherwise substantiate the claim that the particular school is overly expensive. Lacking such evidence, we are unable to find any abuse of discretion in the award for tuition. As to the federal income tax credit, the father is correct in urging that he is entitled to a set-off for this amount, La.R.S. 9:315(7) and 315.3. However, there was no evidence presented to show what this amount might be, or if indeed the mother's income is sufficient to trigger this provision of the income tax laws. In this circumstance we are again unable to find any abuse of discretion. As to the credit of $3,065, the record does show that this amount of tuition was prepaid for the 1990-91 school year, and he is therefore entitled to a set-off of this amount. We further order, however, that this set-off be recovered only in the amount of $150.00 per month.
The final issue concerns payment of the car note. The father urges that he should not be required to continue paying the note, and the mother stipulates here that payment of this note was not ordered in the judgment, and the father is under no obligation to pay it. Since the parties thus agree on this point, we need not discuss it further.
For the above reasons, the judgment is amended to allow the father a set-off of $3,065 for pre-paid tuition, recoverable at a rate of $150.00 per month. In all other aspects the judgment is affirmed.
AMENDED AND AFFIRMED AS AMENDED.