617 So.2d 1187 (1993)
Venita L. BROUSSARD
v.
Arnold A. BROUSSARD.
No. 92-CA-0047.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1993.
On Rehearing April 5, 1993.
*1188 Carol T. Richards, Tusa and Richards, New Orleans, for plaintiff-appellant.
Louis Heyd, New Orleans, for defendant-appellee.
Before LOBRANO, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Appellant, Venita Broussard, sued her former husband, Arnold Broussard, for past due child support, attorney's fees and past due vacation allowance. Mrs. Broussard also filed a motion for an income assignment order against Mr. Broussard's wages.[1] The trial court granted Mr. Broussard's reconventional demand for reduction of child support from $1,000 to $400 per month, denied attorney's fees, failed to award the past due vacation allowance in the amount of $2,100, and denied the income assignment of wages. It is from this judgment that Mrs. Broussard has filed this appeal.
On October 30, 1987, Mrs. Broussard and Mr. Broussard entered into a Consent Judgment decreeing that the care, custody and control of their two minor children be awarded to Mrs. Broussard. The judgment further provided that Mr. Broussard would pay $1,000 per month, as child support, plus the cost of any school obligations of the children and that such payments were to continue through high school, college and post graduate school. In addition, the judgment provided that Mr. Broussard was to pay the amount of the children's tuition through college and post graduate school, in an amount not to exceed the then cost of tuition at Loyola University. Other provisions of the Consent Judgment required Mr. Broussard to pay an additional sum of $700 per year, per child as a vacation allowance until the children graduated from high school and to pay, as additional child support, an award equal to fifty (50%) percent of the cost of insurance, taxes, repairs and maintenance of the family home.
On July 5, 1992, Mrs. Broussard filed a rule to make past due child support executory alleging that Mr. Broussard had failed to fully comply with the Consent Judgment of October 30, 1987. In addition, Mrs. Broussard's rule requested attorney's fees and sanctions. By a subsequent pleading, filed on the date of the hearing, Mrs. Broussard also sought an income assignment order.
In response, Mr. Broussard filed an answer and reconventional demand for nullity and/or to reduce his child support obligations alleging that the Consent Judgment was not a "considered and adjudicated" judgment. In addition, he alleged a change in circumstances and the fact that one of the children had reached the age of majority. Mrs. Broussard filed an exception of no cause of action as to the nullity claim which was maintained by the trial court.[2] On October 25, 1991, a hearing was held on Mrs. Broussard's rule for executory judgment, attorney's fees, motion for income assignment order, and Mr. Broussard's reconventional demand for reduction of child support.
Following that hearing, the trial court rendered judgment (1) granting Mr. Broussard's reconventional demand for reduction of child support from $1,000 to $400 per month without oral or written reasons; (2) denying Mrs. Broussard's request for an income assignment despite finding Mr. Broussard in arrears in the following areas:

*1189 a. child support for the years of 1990-1991 totalling $14,600;
b. home maintenance and repair for the years of 1990-1991 totalling $3,252.63;
c. school activity fees for the years of 1990-1991 totalling $1,148.13 and
d. $700 due to Mrs. Broussard for past due vacation allowances;
(3) denying Mrs. Broussard's request for attorney's fees; and (4) failing to award past due vacation allowance in the amount of $2,100.
On appeal, Mrs. Broussard argues that the trial court erred (1) in reducing Mr. Broussard's child support obligation in an inordinate and unjustified amount, without reference to the burden of proof or to the statutory presumption and guidelines provided by La.R.S. 9:315 et seq.; (2) in failing and refusing to grant her motion for an income assignment; (3) in failing to award attorney's fees and costs which are mandated by La.R.S. 9:375; and (4) in only awarding $700 in past due vacation allowance.

Reduction of Child Support
In order for a child support agreement to be enforceable, it must conform to requirements of conventional obligations and must not be adverse to the purpose and intent of child support. Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985) citing Davis v. Davis, 405 So.2d 594 (La. App. 3d Cir.1981) writ denied 409 So.2d 659 (La.1982); Dubroc v. Dubroc, 388 So.2d 377 (La.1980). In the instant case, the Consent Judgment meets all of the requirements of law regarding conventional obligations. In Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984), we stated that,
By its very nature, a consent or compromise judgment is a bi-lateral contract whereby the parties adjust their differences by mutual consent, thereby putting an end to litigation (or anticipated litigation) with each party balancing the hope of gain against the fear of loss. Braning, supra, at 672.
Our jurisprudence establishes that in order for a court to alter a child support agreement established by a consent judgment, the party seeking the modification must show a substantial change in circumstances of either party. Laird v. Laird, 363 So.2d 244 (La.App. 4th Cir.1978); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975); Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.1992).
The guidelines of La.R.S. 9:315 et seq. are used in any proceedings to modify child support filed on or after October 1, 1989. Carter v. Carter, 591 So.2d 1313 (La. App.2d Cir.1991). There is a rebuttable presumption that the amount set forth in the guidelines is proper; however, the court may deviate if the guidelines are not in the best interest of the child or children or are inequitable to the parties. La.R.S. 9:315.1 A and B.
The statute mandates that the court give oral or written reasons for any deviations and that these reasons shall be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La. App.2d Cir.1990); Crockett v. Crockett, 575 So.2d 942 (La.App.2d Cir.1990).
Although the trial court is vested with discretion, the guidelines set parameters, which restrict the court's discretion. Ellzey v. Ellzey, 594 So.2d 1135 (La.App. 3d Cir.1992).
In order for the trial judge to determine the basic child support obligations, La.R.S. 9:315.2 provides:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her *1190 gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
In the instant case, although the testimony of the parties indicates a change in their respective incomes since the entry of the Consent Judgment, the record does not include the documentation mandated by statute. There are no recent check stubs or employer statements of either party in the record. Additionally, there are no verified worksheets in the record. We note that the trial court characterized Mr. Broussard's worksheet as incomplete while characterizing Mrs. Broussard's unsigned worksheet as complete. Neither of the worksheets meet the requirements of La.R.S. 9:315.2. The record does contain a 1990 Federal tax return for Mrs. Broussard but none for Mr. Broussard, even though one is referred to by Mrs. Broussard's counsel in the transcript at page 124.
The lack of appropriate documentation in the record indicates that the trial judge could not properly apply the guidelines of La.R.S. 9:315 et seq., and neither can this court. In the Matter of Spence, 600 So.2d 782 (La.App. 5th Cir.1992) citing Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991). Thus, we remand the case for recalculation of the child support obligations and for oral or written reasons for any deviation from the mandated guidelines.

INCOME ASSIGNMENT
La.R.S. 46:236.3(A)(2) provides:
Upon entry of an order for support on or after October 1, 1985, the court shall enter a separate order for an income assignment which shall be effectuated pursuant to the provisions of this section when the person ordered to pay support becomes delinquent in payment of an amount equal to at least one month's support obligation pursuant to the order of support, except that the person ordered to pay support may request or the court may require the order for withholding to take effect immediately. A person ordered to pay support becomes delinquent of an amount equal to at least one month's support obligation on the day after the support payment is due and the total amount due equals or exceeds one month's support obligations. (emphasis added)
It is clear from the trial court's ruling that the mandatory provisions of La. R.S. 46:236.3(A)(2) are applicable to the substantial arrearages due Mrs. Broussard. As we noted earlier, the issue was properly raised at the trial court level and has been properly preserved for appeal. Accordingly, we reverse the trial court's ruling as to the income assignment and remand for further proceedings to impose the income assignment.

ATTORNEY'S FEES
The court shall award attorney's fees and costs to the prevailing party in an action to make executory past due payments under a child support award, except for good cause shown. La.R.S. 9:375.
Upon ruling, the trial judge stated:
Since Mrs. Broussard is the prevailing party with respect to the arrearages, unless it can be shown that it would cause an injustice, attorney's fees must be awarded. Mr. Heyd, do you have any information that it would be unjust for the court to award attorney's fees to the prevailing party?
Mr. Heyd replied:
Merely my client's poverty and problems paying bills right now, Judge. Financially *1191 he's strapped. Although he is making a good salary, he's got tremendous obligations, mainly which is paying off back due child support for those children and paying the tuition at the university.
The court then proceeded to reduce Mr. Broussard's support obligation and declared him a prevailing party. The court reasoned that since there were prevailing parties on each rule, the parties would have to bear their own costs and attorney's fees.
We do not find this rational to be consistent with the intent and application of La. R.S. 9:375. It should be noted that Mr. Broussard only sought a reduction of his child support obligations in response to Mrs. Broussard's attempt to make executory the substantial amount of arrearages due. Trahan v. Trahan, 405 So.2d 1160 (La.App. 1st Cir.1981). We also find that the information provided by counsel for defendant does not constitute good cause nor does the record contain any evidence of good cause shown. The trial judge abused his discretion in not awarding attorney's fees to Mrs. Broussard. Accordingly, we reverse and remand for further proceedings consistent with this ruling.

VACATION ALLOWANCE
We agree with the trial court's assessment of the testimony concerning the vacation allowance as "conflicting" and "vague." On the record, Mrs. Broussard estimated the amount of a refund received by her, she estimated the year she received it and then she estimated how much of her estimates were applied to her vacation allowance. In response to her counsel's leading questions, Mrs. Broussard eventually provided a sum of $2,100 as the amount she was seeking. Although, the court made a factual finding that some monies were due on the vacation allowance, we do not believe the plaintiff met her burden of proof in establishing that $2,100 was due. Consequently, we will not disturb this part of the trial judge's ruling. Accordingly, we affirm this award.
For the foregoing reasons, that portion of the trial court's judgment relative to the granting of Mr. Broussard's reconventional demand for reduction of child support is vacated, and the case remanded for recalculation and for oral or written reasons for any deviation from the mandated guidelines; that portion of the trial court judgment denying the motion for an income assignment order and attorney's fees is reversed, and the case remanded for further proceedings consistent with this opinion; and that portion of the trial court judgment relative to the award of $700 for the past due vacation allowance is affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

ON REHEARING
Upon consideration of plaintiff's application for rehearing, we find that the defendant did not meet his burden of proof in establishing a change of circumstances sufficient to warrant a reduction of child support. Accordingly, we reverse the judgment of the trial court insofar as it reduced defendant's child support obligation. There is no need for a remand for retrial of this issue. We do not disturb our original ruling on the remaining issues. This case is remanded for imposition of the income assignment order and for calculation of attorney's fees.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED.
NOTES
[1] We note that a copy of the income assignment order was not a part of the record. However, a copy of the order stamped October 25, 1991 is attached to Appellant's brief. Appellate briefs are not part of the record, and facts referenced therein, not contained in the record, cannot be considered. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied 584 So.2d 1169 (La.1991). We do note, however, that counsel for Appellant made the request a part of the record in the transcript at page 50 and again the issue was mentioned by the court at page 148. Consequently, the issue is properly before this court. LSA-CCP arts. 2127, 2128, 2164.
[2] No appeal was taken from the trial court's ruling on the exception.