liARMSTRONG, Judge.
This is an appeal from two judgments, one awarding child support and one denying a motion to reduce that award. The plaintiff in this domestic relations case, Theaddeus Hosch, appeals a child support award of $627.48 per month in favor of the defendant, Dawn Hosch, as well as the denial, seven days later, of his motion to reduce that same award. We affirm.
Mr. Hosch and Mrs. Hosch were married in June 1990. One daughter, Donna Marie Hosch, was born of the marriage. The parties separated in October ‘ 1994 and were divorced in September 1995. On June 30, 1995 the trial court rendered judgment on the issues of custody and child support. The court ordered that Mr. Hosch pay monthly child support in the amount of $627.48, to be paid in two equal installments each month. On July 6, 1995, Mr. Hosch filed a rule to decrease child support on the basis that his income had been greatly reduced. The trial court summarily denied the motion on July 7, 1995. Mr. Hosch appeals raising nine assignments of error.

^SUFFICIENCY OF INCOME EVIDENCE

Mr. Hosch first argues that the trial court erred in rendering a judgment on child support because no “verified income statement” or other appropriate documentation was furnished by the defendant, as he claims is required by La. R.S. 9:315.2, from which such a determination could be made. La. R.S. 9:315.2 states in part:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
The record contains no verified income statements by either party. On the other hand, the record contains the federal income tax returns of Mr. Hosch to show his income for those two years (these were joint returns filed by Mr. Hosch and Mrs. Hosch as a married couple), plus earnings records from Mr. Hosch’s employer for the year 1994, and an employer’s statement from Mrs. Hosch’s employer showing her hourly wage rate and Mrs. Hosch’s testimony that she worked thirty hours a week. Courts have found that the lack of verified income statements and other documentation indicates that the trial court could not have properly applied the guidelines of La. R.S. 9:315 et seq. to make an appropriate determination as to child support. Broussard v. Broussard, 617 So.2d 1187 (La.App. 4th Cir.1993)(no verified worksheets, no check stubs or employer statements, federal income tax return for one party only); Crefasi v. Crefasi 628 So.2d 1274 (La.App. 3rd Cir.1993)(no verified income statements, no documentation of current and past earnings, no federal income tax returns); Bercegeay v. Bercegeay, 617 So.2d 133 (La.App. 5th Cir.l993)(no verified income statement, no documentation as to one party’s income, testimony concerning income); Phillips v. Phillips, 595 So.2d 732 (La.App. 5th Cir.1992)(no verified income statements, inadequate documentation of current and past wages, no copies of most recent federal income tax returns).
In the instant case, the personnel manager of the supermarket chain where Mrs. Hosch worked wrote a letter dated February 3, 1995, stating that Mrs. Hosch was employed as a bakery clerk at a rate of $4.75 per hour and that she would be eligible for family medical insurance for a $40.00 weekly premium after ninety days of employment working thirty hours per week. Mrs. Hosch testified that she worked thirty hours a week. The trial court made a finding that Mrs. Hosch’s gross monthly income was $617.50, a figure presumably derived by multiplying the $4.75 hourly wage times 30 hours times 52 weeks per year, and dividing by 12 months.
Mrs. Hosch had just begun working at the time of trial. She apparently had not worked during the marriage — her occupation was listed as a housewife on the couple’s 1994 federal income tax return — and thus there *543 would have been no other evidence of recent earnings. The employer statement submitted by Mrs. Hosch is an expressly acceptable means of documenting one’s income under La. R.S. 9:315.2. While Mrs. Hosch failed to file a verified income statement, so did Mr. Hosch. Even considering the absence of a verified income statement, we believe the trial court had sufficient documentation before it to make a determination as to the defendant’s gross monthly earnings and to render a child support award in accordance with the guidelines.

\¿BUSINESS EXPENSES

Mr. Hosch next argues that the trial court erred by not subtracting the ordinary and necessary expenses required to produce his income before determining his gross monthly income. La. R.S. 9:315(4) defines gross income in part as:
(e) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, ... “Ordinary and necessary expenses” shall not include ... business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
Mb’. Hosch is an owner-operator of a tractor-trailer truck and hauls cargo containers for Dupuy Storage & Forwarding Corporation. He usually is paid per container hauled. Dupuy deducts 10% from his gross pay for cargo and liability insurance and 10% of one-third of his gross for worker’s compensation insurance. For instance, one week Mr. Hosch hauled forty containers, at $35.00 per container, for a gross of $1,400.00, less $140.00 for cargo and liability insurance and $46.67 for worker’s compensation insurance, for a net of $1,213.33. In addition, Mr. Hosch pays for his gas, repairs and parts for the truck.
Mr. Hosch’s 1993 federal income tax return listed his “total income” that year as $6,232.49, adjusted gross, the same. His “gross income” as listed on his schedule C was $28,799.33. In connection with this litigation Mr. Hosch furnished Mrs. Hoseh’s counsel with an undated purported copy of his 1994 federal income tax return listing his total income as $31,365.00, adjusted gross, $29,233.00. His gross income listed on his schedule C for 1994 was $56,905.00. At trial, Mr. Hosch introduced in evidence what he claimed was his correct 1994 federal income tax return, the original of which had been filed with the Internal | gRevenue Service. It listed a total income of $20,318.00, and an adjusted gross of $18,966.00. The schedule C again listed his gross income as $56,-905.00. Mr. Hosch explained that he had a quick return prepared in preparation for this litigation and he had failed to give his tax preparer complete records regarding his deductions. The “correct” return listed an additional $11,047.00 in business expenses, consisting primarily of an additional $9,172.00 for insurance, up from the $491.00 previously listed, for a total of $9,663.00.
The trial court questioned Mr. Hosch concerning some of his expenses listed on his federal income tax return.. Mr. Hosch could not explain many of the expenses. He said he just gave his records to his tax preparer and she prepared his tax return. As previously mentioned, his “correct” return listed $9,663.00 for non-health insurance. A 1994 Form 1099 from Dupuy lists his non-employee compensation as $56,905.00, the same as his gross income from his tax return. We calculate his total cargo, liability and worker’s compensation insurance on that amount to be $7,587.33. Mr. Hosch said the $491.00 figure listed on the first tax return was for vehicle insurance. Even adding that amount, we get a total of $8,078.33. Mr. Hosch testified that there are no other insurance expenses except for these and the record does not contain any. The trial' court could have correctly found that the plaintiff only had legitimate business insurance expenses of $8,078.33. The plaintiff works out of his home and therefore deducted, for federal income tax purposes, $2,650.00 for utilities he paid in 1994. There is no evidence that Mr. Hosch paid more for his household utilities because he did some paperwork there related to his business.
La. R.S. 9:315(4)(e) specifically allows a trial court to determine that certain business expenses are inappropriate for consideration
*544 in determining gross income 16for purposes of calculating child support. ■ The trial court could have found that Mr. Hosch’s deduction for utilities on his federal income tax return was such an inappropriate business expense. The trial court allowed Mr. Hosch only $24,-741.28 in expenses instead of the $37,776.00 claimed on his 1994 federal income tax return. In his brief on appeal Mr. Hosch offers no itemized defense of the business expenses he claims on his 1994 federal income tax return and has failed to show how the trial court erred. We find no error in the trial court’s disallowance of certain business expenses and its finding that the plaintiffs gross monthly income was $2,680.31, which calculates to be $32,163.72 per year.

INCOME

Mr. Hosch next argues that the trial court erred in basing its determination of his gross monthly income on his 1994 earnings rather than on his 1995 earnings. Trial of this matter was heard over several months— February, March, April, May and June 1995, with judgment being rendered on June 30, 1995.1994 was the last full year prior to trial and therefore Mr. Hosch’s federal income tax return for 1994 was relevant because it showed a fall year’s earnings. In a post-trial memorandum filed by Mr. Hosch on June 13, 1995, he candidly stated that even though he was not then earning what he had been in 1994, he expressly conceded that the 1994 tax return was “most reflective of his income producing ability.” Based on such representation the trial court could have properly relied on his 1994 earnings in determining his gross income for purposes of calculating child support. We find no merit to this assignment of error.

ItMEDICAL INSURANCE

Mr. Hosch claims the trial court erred in requiring him to pay for his ex-wife’s health insurance. La. R.S. 9:315.4 provides that the cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation. The letter from Mrs. Hosch’s employer stated that she would be eligible for major medical insurance at a rate of $40.00 per week for family coverage. Mrs. Hosch testified that coverage for her alone would cost $7.00 per week and for more than one person it jumped to $40.00 per week. The trial court determined that it would cost $143.00 per month for medical insurance. This figure is calculated by deducting the cost of the defendant’s insurance, $7.00 per week, from the $40.00 cost of family insurance, multiplying it by 52 weeks to get $1716.00, and dividing by 12 months. Thus, Mr. Hosch is not paying for any of Mrs. Hoseh’s insurance. He is paying part of the extra $33.00 per week it costs to have the child insured through Mrs. Hosch’s employer-provided insurance plan. Mr. Hosch’s argument seems to be that Mrs. Hosch could have foregone obtaining insurance for herself and obtained insurance for the child for $7.00 per week. We find no merit to this argument that Mrs. Hosch should forego obtaining health insurance for herself, even assuming she could do so and still obtain insurance for her daughter.

CHILD CARE

Mr. Hosch argues that there was insufficient evidence to support the trial court’s determination that child' care costs were $216.67 per month. Net child care costs are added to the basic child support award. La. R.S. 9:315.3. The sole evidence was Mrs. Hosch’s testimony that she paid someone $50.00 per week to | gcare for her child while she is working. The woman, whom Mrs. Hosch identified by name, watched Mrs. Hosch’s child and another child, and had been doing so for approximately two months at the time of trial. Mrs. Hosch had, until sometime during trial, lived with her father and his girlfriend. Mrs. Hosch testified that the girlfriend used to watch Mrs. Hosch’s child but is in ill health and unable to do so any longer. Mrs. Hosch also testified that she had moved out of her father’s home. Mrs. Hosch’s testimony concerning child care arrangements was uncontroverted. We find no error to the claim that the evidence was insufficient to establish that the defendant was incurring a $50.00 per week child care expense.
Mr. Hosch also argues that the trial court should have subtracted the amount of federal *545 tax credit for child care from the child care expense. Mr. Hosch offered no evidence as to what that tax credit might have been. Therefore, we find no merit to this claim of error. See Palacios v. Palacios, 608 So.2d 243 (La.App. 5th Cir.1992), writ denied, 613 So.2d 1000 (La.1993).

DEVIATION FROM GUIDELINES

Mr. Hosch claims the trial court deviated from the child support guidelines without giving adequate reasons therefor as required by La. R.S. 9:315.1(B). By our calculation, there has been no deviation from the child support guidelines. In fact, the trial court erred in its calculation in favor of Mr. Hosch. The trial court found that Mr. Hosch’s gross income was $2,680.31, Mrs. Hosch’s, $617.50, for a combined gross monthly income of $3,297.81, with Mr. Hosch earning 81% of the total income and thus being responsible for 81% of the total monthly child support obligation. Pursuant to the child support guidelines contained in La. R.S. 199:315.14, a combined gross monthly income of $3,297.81 calls for a basic monthly support obligation for one child in the amount of $498.00. Added to that is $216.67 for monthly child care ($50.00 per week times 52 weeks per year divided by 12 months) and $143.00 for medical insurance ($33.00 per week times 52 seeks per year divided by 12 months), for what we calculate to be a total monthly combined obligation of $857.67. The trial court found a total monthly combined obligation of $774.67 and calculated Mr. Hosch’s 81% share to be $627.48. We calculate Mr. Hoseh’s 81% share of $857.67 to be $694.71. However, Mrs. Hosch did not appeal or file an answer to Mr. Hosch’s appeal. Therefore, we will not disturb this finding by the trial court.

EXCESS CHILD SUPPORT

Mr. Hosch claims there was no evidence in the record “to support the notion that this amount of child support was actually required for this child.” La. R.S. 9:315.1(A) states that “[t]here shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.” La. R.S. 9:315.1(B) provides that the trial court “may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties.”
Mr. Hosch offers no argument on appeal to rebut the presumption that the amount of child support calculated by the trial pursuant to the guidelines is excessive, nor did he offer any evidence at trial to rebut the presumption.

hnREDUCTION FOR EXPENSE-SHARING

Mr. Hosch claims the trial court erred in failing to consider as income of Mrs. Hosch the benefits she derived from expense-sharing by living with her father and his girlfriend. La. R.S. 9:315(6)(c) provides that a trial court “may” consider these “benefits” as income. At trial, Mrs. Hosch testified that she had moved out of her father’s residence. Therefore, at the time the trial court rendered judgment there was no expense-sharing to consider.

HEARING ON RULE FOR REDUCTION IN CHILD SUPPORT

Mr. Hosch claims the trial court erred in failing to conduct a contradictory hearing on his rule to decrease child support. The trial court rendered judgment on June 30, 1995. On July 6, 1995, seven days later, Mr. Hosch filed a rule to decrease child support alleging a reduction in income.
La. C.C.P. art. 963 provides:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
Since the trial court had the evidence before it concerning Mr. Hosch’s income, at least as of several weeks prior to the date *546 Mr. Hosch filed his rule to decrease child support, the court had all the evidence it needed to rule on the motion. It made a finding that Mr. Hosch was voluntarily underemployed and was thus clearly not entitled to relief. It must be remembered that in a post-trial | nmemorandum filed June 13, 1996, three weeks prior to the filing of the rule to decrease, Mr. Hosch submitted that his 1994 earnings were “most reflective of his income producing ability.” The rule filed by Mr. Hosch seven days after the rendition of judgment based, at least in part, on that June 13, 1996 representation, was patently frivolous. The trial court was not required to conduct another hearing on a matter it finished hearing only weeks before.
For the foregoing reasons, we affirm the judgment of the trial court in all respects.

AFFIRMED.