375 So.2d 197 (1979)
Kenneth E. WAGGONER, Plaintiff-Appellee,
v.
KELLOGG-MOORE OIL COMPANY, INC., et al., Defendants-Appellants.
No. 13911.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, for defendants-third party plaintiffs-appellants, Kellogg-Moore Oil Co., Inc. and American Employers Ins. Co.
*198 Shotwell, Brown & Sperry by L. Michael Ashbrook, Monroe, for intervenor-appellant, Olinkraft, Inc.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for third party defendants-exceptors, Jimmy Powell, Dean McDuffie, Charlie Foster, Robert Bruce, Ken Taylor, Hilton Phillips, William Mahaffey, John Mullens and Employers Mut. Liability Ins. Co. of Wisconsin.
Davenport, Files, Kelly & Marsh by Thos. W. Davenport, Jr., Monroe, for plaintiff-appellee, Kenneth E. Waggoner.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
Third party plaintiffs, Kellogg-Moore Oil Company, Inc. and American Employers Insurance Company, appeal from a judgment sustaining an exception of no cause of action addressed to their third party demand for contribution or indemnification from third party defendants, Olinkraft, Inc.; several of Olinkraft's supervisory and executive employees; and their insurer, Employers Mutual Liability Insurance Company of Wisconsin. We affirm.
Generally, the issue on appeal is whether third party plaintiffs' petition, by alleging that third party defendants were not within the course and scope of their employment at the time of the injury to the plaintiff, who was hurt during the course and scope of his employment with Olinkraft, states a cause of action for contribution from third party defendants. More particularly, the issue involves an interpretation of an exception to the exclusive remedytort immunity provided in LSA-R.S. 23:1032, which reads:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section." (Emphasis supplied)
On the night of July 1, 1977, Kenneth Waggoner, an employee of Olinkraft, was refueling a dragline pursuant to his employment duties. The fuel ignited and severely burned plaintiff. He filed suit against defendants-third party plaintiffs alleging various acts of negligence on the part of Kellogg-Moore who furnished the fuel. Third party plaintiffs denied negligence, pled affirmative defenses, and made a third party demand for indemnification or contribution against plaintiff's employer, fellow employees, and their insurer, alleging various acts of negligence on the part of the co-employees; and alleging the co-employees were not engaged in the normal course and scope of their employment at "the time of the injury". Third party defendants filed a peremptory exception of no cause of action, contending that under LSA-R.S. 23:1032 they are immune from tort liability as to the plaintiff and, therefore, could not be joint tort-feasors with the third party plaintiffs and could not be liable for contribution.
*199 Third party plaintiffs opposed the exception of no cause of action, contending third party defendants fall within the exception to the tort immunity contained in Section 1 of the third paragraph of Section 1032 quoted above. The essence of third party plaintiffs' contention is that since plaintiff alleged the accident occurred between the hours of 9:30 and 10:30 p. m., the supervisory personnel were not on the job so they were not engaged in the course and scope of their employment "at the time of the injury".
The trial court rejected this interpretation of Section 1032 because it would lead to absurd results in that the immunity of the employee would be "determined by the mere chance of where he was located and in what activity he was engaged at the time of the accident itself". Concluding the statute was ambiguous as written, the trial court determined the literal construction must give way to the spirit of the statute to produce a reasonable result. It cited definitions of injury in Webster's New World Dictionary, College Edition (1968) and in Webster's New Collegiate Dictionary, 1973 Edition, which respectively defined injury as "an injurious act" and as "an act that damages or hurts". The trial court then concluded the word "injury" as used in the phrase "at the time of the injury" meant "the act or omission which produces the harm". The trial court interpreted the statute to mean that supervisory employees are immune from tort liability except when they are not in the course and scope of their employment at the time they performed the act which produced the injury. Defendants-third party plaintiffs contend on appeal that the trial court erred in ignoring the literal and unambiguous meaning of the statute.
The Louisiana Civil Code commands the courts to apply the letter of the law unless the words or expressions are dubious in which case the courts may look to the context of the words, other statutes and the spirit of the law. Louisiana Civil Code Articles 13, 14, 16 and 18. Pursuant to this rule the jurisprudence has established that when the literal construction of a statute would lead to absurd results, the letter of the law must give way to its spirit so as to produce a reasonable result. Smith v. State, Through Dept. of Pub. Safety, 366 So.2d 1318 (La.1978) and Dore v. Tugwell, 228 La. 807, 84 So.2d 199 (1955). Therefore, it is the duty of the court to apply the statute as written unless such application would lead to an absurd result and then the court must attempt to interpret it in such a manner as to reach a reasonable result consistent with the legislative intent.
Third party plaintiffs urge the court to interpret the phrase at issue as meaning that at the instant the physical injury is incurred by the employee, the fellow employee whose actions are complained of must be performing an employment-related task to be immune from potential tort liability. Under such interpretation, if the fellow employee is engaged in some nonwork-related activity such as being out to lunch, or in a doctor's office, or at home, at the instant the harm is suffered, the immunity provided in Section 1032 is unavailable. The phrase at issue can be literally construed to reach this result. However, such a result is absurd. The interpretation results in the immunity of the fellow employee being determined by pure happenstance, unrelated to the objectives of the statute.
The provisions relating to immunity of co-employees were added to Section 1032 by Act 147 of 1976. The amendment was intended to expand the Section 1032 immunity of the employer to co-employees and others listed in the statute. Guidry v. Aetna Cas. & Sur. Company, 359 So.2d 637 (La.App. 1st Cir. 1978); Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La.App. 4th Cir. 1977), writ refused 354 So.2d 210 (1978); and The Work of the Louisiana Legislature for the 1976 Regular Session, 37 La.L.Rev. 89 at page 183 (1976). Since the literal construction urged by the plaintiff would lead to absurd results, we must interpret the statute in light of the context of the language and the legislative intent to produce reasonable results. Agreeing with the trial court, we, therefore, hold the exception *200 to the general rule of immunity of a co-employee applies only when the co-employee is not engaged in the normal course and scope of his employment at the time of the act or omission complained of.
An examination of the third party plaintiffs' petition reveals that all of the alleged acts of negligence in this case are acts performed in the normal course and scope of the third party defendants' employment. Accepting these facts as true, the exception does not apply and the third party defendants are immune from civil liability to the plaintiff. Since there is no tort liability on the part of third party defendants to plaintiff, third party plaintiffs have no cause of action against third party defendants for contribution as joint tort-feasors.
Third party plaintiffs assert that the mere fact their petition tracked the statutory language gives rise to a cause of action. The allegation that the third party defendants were not in the course and scope of their employment at the time of the injury is merely a conclusionary allegation which this court does not have to consider as true in ruling upon the no cause of action exception. Lott v. Haley, 370 So.2d 521 (La. 1979); Wilson v. Cost + Plus of Vivian, 375 So.2d 683 (La.App. 2d Cir. 1979). See also Tedder v. F.M.C. Corp., 590 F.2d 115 (U.S. C.A. 5th Cir. 1979). As stated above, the facts alleged concerning the circumstances of the accident and the alleged negligence of the third party defendants, accepted as true, show the co-employees were engaged in the normal course and scope of their employment at the time of the acts complained of.
For the reasons stated above, the judgment of the trial court sustaining the exception of no cause of action and dismissing the third party plaintiffs' demands for contribution or indemnification from the third party defendants is affirmed at appellants' costs.
Affirmed.