540 So.2d 439 (1989)
Selina Houston ARENDER
v.
Larry Von HOUSTON.
No. CA 87 1794.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Grace B. Gasaway, Hammond, for plaintiff-appellant.
J. Mark Rolling, Hammond, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment denying the former wife child support for two minor children.
Appellant, Selina Houston Arender, separated from her husband, Larry Houston in 1982. A judgment of separation was rendered on October 5, 1982, which granted custody of the two minor children to Mr. Houston. The judgment of divorce granted May 20, 1983, kept custody with Mr. Houston, who was then living in California. In December of 1985 the children came to live with their mother where they have since remained. A judgment was rendered on March 17, 1986, awarding custody of the children to their mother. No request for child support was made in the rule for custody and the judgment made no provision for child support. On January 14, 1987, appellant filed this rule for child support. The evidence presented shows Larry Houston with a net income of about $50,000 per year and appellant with a net income of about $54,000 per year. The evidence also indicates that in March and April of 1986 Larry Houston made a $3000 child support payment apparently upon the agreement that he would not be liable for further support. On August 17, 1987, a judgment was rendered denying child support.
The trial court correctly ignored the waiver of child support. Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983). However, the trial court held that due to the negotiations between the parties prior to the judgment of March 17, 1986 changing custody, the silence of that judgment with reference to child support has the effect of a denial of child support. Consequently, the trial court held that appellant's burden is to show a change of circumstances from that judgment to the *440 present time which she failed to carry. We disagree with the reasoning and the judgment of the trial court.
La. R.S. 9:311 provides that a support award should "not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award". Without counsidering the applicability of this article to a consent support award, we are convinced that it is not applicable to this case. Here there was no award of child support, nor a denial of child support, simply a judgment silent as to child support. Even if the judgment is silent by agreement, it does not amount to an award or denial of child support which forms the basis for application of La. R.S. 9:311. Consequently, we find the trial court was in error in requiring appellant to show a change of circumstances from a previous judgment silent as to child support.
The trial court also indicated that a basis for denying child support is the ability of the appellant to support the children even though the record reflects the father also is able to furnish support. We consider this also to be error. The obligation of support is mutual. La. C.C. art. 227. The degree of support depends upon the childrens' need and the parents' ability to pay. La. C.C. arts. 230, 231. A parent must be unable to provide support in order to be relieved of the duty. Vosbein v. Vosbein, 506 So.2d 215 (La.App. 5th Cir. 1987). It follows that since the obligation is mutual and a parent can be relieved of the obligation only if unable to perform it, when both are capable of providing support, both are obligated to do so to the degree of their capability.
We have examined the record which reflects the needs of the two minor children, age 13 and 16 at the time of trial, and the income and expenses of the parent. Taking into consideration the fact that Mr. Houston has the children three months during the year and receives no child support from appellant during that period, we find that Mr. Houston should pay $250 per month per child for the support of his children.

DECREE
We reverse the judgment of the trial court denying child support and order appellee, Larry Von Houston to pay child support in the amount of $250 per month per child. All costs of this appeal are to be paid by appellee, Larry Von Houston.
REVERSED AND RENDERED.