595 So.2d 810 (1992)
Claudia Wendoloyn CROWDER, Plaintiff-Appellee,
v.
Steven Charles CROWDER, Defendant-Appellant.
No. 23344-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
Writ Denied May 8, 1992.
Burnett, Walker & Baker by Steven R. Baker, Shreveport, for defendant-appellant.
Donald R. Miller, Shreveport, for plaintiff-appellee.
Before LINDSAY, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
The father appeals a judgment increasing his monthly child support obligation from $300 to $547.94. For reasons hereinafter expressed, we reverse.

FACTS AND PROCEDURAL HISTORY
Steven Crowder and Claudia Crowder married on December 21, 1981, immediately established their matrimonial domicile in Caddo Parish, and subsequently became the parents of two children. In late 1988, following several months of living apart, Mrs. Crowder instituted an action for separation. Although never answering the petition, Mr. Crowder appeared, in proper person, to sign the judgment rendered at a default confirmation on March 8, 1989. That decree ordered him to pay $150 monthly per child to the mother, named custodian, and to maintain the medical and dental insurance on the minors. When the husband petitioned for divorce on August 13, 1990, a reconventional demand alleged a change in circumstances and sought to increase child support through application of LSA-R.S. 9:315 et seq.
In February 1991, a few weeks after granting an absolute divorce in uncontested proceedings, the district court considered the support issue. At that hearing, the former spouses testified concerning their financial situations, as existing both then and at the time of the March 1989 judgment. Mr. Crowder's yearly income had remained static, at $21,000, while appellee experienced a significant salary increase, from $10,727 annually to approximately $15,480.
*811 During their marriage, the Crowders made monthly payments in excess of $900 for two Corvettes. Upon separation, they both took an individual automobile. However, finding that the attendant notes created unwieldy financial burdens, each party later traded their respective car for a more modest vehicle.
Also, neither former spouse had been successful in maintaining a household on a separate salary. Mrs. Crowder's expenses had been satisfied, in part, by her boyfriend continually providing monetary assistance. Mr. Crowder, in order to make financial ends meet, resorted to living with roommates. While sharing an apartment with a male friend from January 1989 until August 1990, appellant paid $200 per month for all household expenses. However, when that individual moved out of state, other living arrangements became necessary. Although Mr. Crowder subsequently began residing in a rental house with his girlfriend, who contributed $200 per month, the ex-husband's monthly household expenses slightly increased.
Concerning changes in the children's circumstances, the only testimony related to the cost of daytime care. With their former sitter no longer available, the mother decided to utilize the services of a pre-school center. As a result, an expense of $70 per week for the care of both youngsters in March 1989 had actually decreased to $68 weekly at the time of the hearing, although Mrs. Crowder anticipated an increase to $93 during the summer months.
Determining the initial child support award to be inadequate, the trial judge granted an increase. Using the guidelines provided by LSA-R.S. 9:315 et seq., the court set the new amount at $547.94, while ordering the father to maintain health insurance on the children. Additionally, the decree directed each party to pay one-half of all uninsured medical and dental bills. Mr. Crowder now appeals that judgment.

DISCUSSION
Very readily in its written opinion, the district court recognized the longstanding jurisprudential rule, even as to consent decrees, necessitating that a child support modification be justified by a substantial change in circumstances. See e.g., Mitchell v. Mitchell, 543 So.2d 128 (La.App.2d Cir.1989), and cases cited therein. However, the trial judge thereafter proceeded to imply that the enactment in 1985 of LSA-R.S. 9:311[1], requiring a "change of circumstances" but making no mention of "substantial," effectively altered the established criterion. We disagree.
To adopt the trial court's view of the legislation would promote instability in child support matters, while inviting frequent relitigation of such awards. We do not identify that result as a likely goal of our Legislature.
Furthermore, as a prerequisite for modifying child support judgments, the courts of appeal in Louisiana have continued to demand the showing of a substantial change in circumstances. See Mitchell, supra; Osborne v. Osborne, 512 So.2d 645 (La.App.2d Cir.1987); Fleishmann v. Fleishmann, 562 So.2d 464 (La.App. 5th Cir.1990), writ granted and remanded, 567 So.2d 601 (La.1990), on remand, 570 So.2d 166 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1121 (La.1991); Camp v. Camp, 560 So.2d 469 (La.App. 1st Cir.1990), writ denied, 563 So.2d 1157 (La.1990); Betts v. Betts, 549 So.2d 1246 (La.App. 3d Cir.1989), writ denied, 552 So.2d 402 (La.1989); Guillory v. Guillory, 503 So.2d 636 (La.App. 4th Cir.1987).
In the instant case, the most significant change in circumstances occurred with respect to Mrs. Crowder's income, which increased by approximately 44 percent (from about $889 monthly to $1,290) after the original award. Other financial variations or shifting have essentially advantaged either the ex-wife or neither party. As stated, day care expenses had slightly *812 decreased; at the time of the hearing, the mother could merely anticipate a moderate summertime increase in those charges. While both parents improved their debt structure by selling automobiles found to be too expensive, they each continued to find outside assistance necessary for meeting monthly obligations. Thus, Mr. Crowder initially shared expenses with a male roommate, and later with a girlfriend. Conversely, appellee still receives monetary gifts from her boyfriend.
Although the trial court stated that expenses of clothing the older child had "necessarily increased" when the youngster entered school, Mrs. Crowder offered no evidence of such enhanced cost, nor of comparable expenses in March 1989. Actually, the record only discloses a reduced requirement for full-time day care.
On balance then, the evidence demonstrates a financial picture significantly more beneficial toward Mrs. Crowder than in March 1989. In fact, the trial court implicitly so recognized by posing the question, "Can a positive change in circumstances of the payee parent ... satisfy 9:311 to enable ... [application of] the child support guidelines of R.S. 9:315 et seq....?" In our view, it cannot. And, in granting an increase under such circumstances, the district judge erred.
In order to warrant modification of a child support award, the petitioning party logically must show that circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. For example, a parent seeking an increase in payments should be required to demonstrate an improvement in the payor's financial condition, a worsening in the payee's financial condition, or greater needs by the minor. Any other approach would defy reason and produce absurd results. Cf. LSA-C.C. Art. 9; Waggoner v. Kellogg-Moore Oil Co., Inc., 375 So.2d 197 (La.App. 2d Cir.1979).
Our brethren in the Third Circuit made a similar determination in Carriere v. Alexander, 504 So.2d 567 (La.App. 3d Cir.1987), writ denied, 508 So.2d 90 (La.1987), concluding that the trial judge abused his discretion in granting an increase in support payments where the payee had an increase in available income and her former husband's salary had been significantly reduced. After making reference to LSA-R.S. 9:311, the court cited approvingly from appellant's brief:
"The Legislature could not possibly have intended that a party be given an increase in child support when that same party has an increase in available income to her and the husband or father who is paying child support has a substantial reduction in income at the same time."
Such a misconstruction of LSA-R.S. 9:311 would also allow a party, based on improvement in their own circumstances, to bring their pre-existing support order within the purview of the guidelines of LSA-R.S. 9:315 et seq., which became effective October 1, 1989. Again, we do not read this as the intendment of the Legislature. See LSA-R.S. 9:315.11.
At least one legal scholar has discussed some of the unfair and anomalous results that could ensue from such an interpretation:
Does Louisiana R.S. 9:311, require that the modification of a child support award be in the direction indicated by the change of circumstances, or just that there be a change. For example, what if recipient's income had risen since an award of child support rendered prior to the effective date of the Guidelines? This is a change of circumstances. If the application of the Guidelines would provide greater child support than the prior award, would a court be justified in applying the Guidelines? ...
Louisiana jurisprudence has held that the person moving for a modification of child support must prove that a material change of circumstances, relating to the recipient child's needs or the obligor's ability to pay, has occurred since the support award was made.... Moreover, any modification that has been allowed has been one triggered by a change in circumstances in the direction of the modification. That is, if the child's needs went up (e.g., the income, etc. of the *813 recipient parent went down), the award of support was modified upward.... To hold otherwise, works to apply the guidelines retroactively. Moreover, this would cause equal protection difficulties and ironic inequities: a recipient whose needs remained the same, would not be able to succeed in having the guidelines apply, while one whose needs decreased would be able to trigger the guideline. Also, the obligor whose ability to pay decreased, would cause the guidelines to apply and his or her support obligation would increase, although the obligor who remained as able as ever to pay, would not have to worry about the application of the guidelines. If the Legislature had wanted to make the guidelines retroactive, or to allow their enactment or application to constitute a change of circumstances, they could have so indicated....
C. Blakesley, Faculty Symposium, Developments in the Law, 1990-1991: Family Law, 52 La.L.Rev. (No. 3) ______ (January 1992).
In the case at hand, observing a net positive change of circumstances in favor of Mrs. Crowder, we reverse the trial court judgment increasing the child support award and now order the original decree reinstated.
Appellant also asserts that, inasmuch as his ex-wife rested her case-in-chief without proving entitlement to a modification, the trial court erred in denying a motion for involuntary dismissal. In his brief, however, he further concedes that there exists no need to consider this contention should the granted increase be reversed on other grounds. Having so resolved, we do not address this issue.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and the initial judgment, ordering Mr. Crowder to make child support payments in the amount of $150 a month per child and to maintain medical and dental insurance on his offspring, is reinstated. Costs are assessed to appellee.
REVERSED AND RENDERED.
NOTES
[1] In pertinent part, LSA-R.S. 9:311 provides:

An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.