614 So.2d 268 (1993)
Toni RUSHING, Defendant in Rule/Appellee,
v.
Ben H. RUSHING, Jr., Plaintiff in Rule/Appellant.
No. 92-118.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*269 Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for plaintiff in rule/appellant.
Thomas, Dunahoe & Thomas, Natchitoches, for defendant in rule/appellee.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOMENGEAUX, Chief Judge.
Ben H. Rushing, Jr. appeals the dismissal of his petition to reduce child support payments. We reverse the judgment of the trial court and remand for a continuation of trial on the merits.
Ben Rushing and Toni Rushing were married on December 31, 1971, and subsequently adopted two children. They were divorced on November 16, 1989; joint custody of the children was ordered, and Toni Rushing was designated as the domiciliary parent. By consent judgment, Ben Rushing was obligated to pay $800.00 per month in child support.
In August of 1991, Ben Rushing petitioned the court for a reduction in his child support obligation. In his pleadings, Ben alleged a substantial decrease in income that rendered him unable to meet the $800.00 monthly obligation. At trial, Ben presented evidence of his decreased income which was due to his career change from insurance salesman to college professor. Further, he proved, through the cross examination of Toni, that Toni now earns significantly more than she did at the time of the consent judgment.
At the close of Ben's case, Toni moved for dismissal, contending that Ben did not prove a decrease in his income sufficient to warrant a reduction in the child support obligation. Toni argued that any increase in her income is irrelevant because Ben did not plead a change in her circumstances as a basis for the child support reduction. The trial judge did not address the latter issue; he dismissed the petition finding simply that no substantial change in circumstances was proven. Accordingly, Toni did not present any evidence.
The modification of a support award is governed by La.R.S. 9:311 which provides in part:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
In Crowder v. Crowder, 595 So.2d 810 (La.App. 2nd Cir.1992), writ denied, 598 So.2d 358 (La.1992), the Fourth Circuit explained:
In order to warrant modification of a child support award, the petitioning party logically must show that circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. For example, a parent seeking an increase in payments should be required to demonstrate an improvement in the payor's financial condition, a worsening in the payee's financial condition, or greater needs by the minor. Any other approach would defy reason and produce absurd results. Cf. LSA-C.C. Art. 9; Waggoner v. Kellogg-Moore Oil Co., Inc., 375 So.2d 197 (La. App. 2d Cir.1979).
595 So.2d at 812.
Upon a showing of a substantial change in the circumstances of any party (including the minor), even a consent decree fixing child support may be modified. Crowder; Vest v. Vest, 579 So.2d 1190 (La.App. 5th Cir.1991), writ denied, 586 So.2d 564 (La.1991); Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987).
In the instant case, Ben Rushing offered proof of both his decreased income and Toni's increased income. The trial judge gave brief oral reasons for judgment *270 wherein he noted and commended Ben's career change,[1] but found no change in circumstances sufficient to justify a reduction in child support. The trial judge did not mention Toni Rushing's salary increase.
The record reveals the following facts. Ben earns approximately $10,000.00 per year less as a full time professor than he did as a full time insurance agent. However, Ben still receives some income from his insurance business. His car expenses are paid by the business. He has access to the assets of the business which include commissions on policy renewals. His office is set up so that he can do part time work if he so desires or if it is necessary. Further, Ben has a companion who is capable of contributing to his living expenses to a certain extent. Concerning Toni Rushing's income, the evidence shows that she enjoyed a salary increase from $9,433.00 to $15,000.00 between the time of the consent judgment and the motion to reduce child support.
First, evidence of Toni's income, admitted without objection, is relevant to the issue of a reduction in child support even though Ben did not raise it in his pleadings. La.C.C.P. Art. 1154. Second, Toni's increased income is a significant change in circumstances that may warrant an adjustment in the child support award. See Crowder, supra. We find that the totality of the evidence presented by Ben is sufficient to raise the presumption that Ben is entitled to a reduction in his support obligation. Mathers v. Mathers, 579 So.2d 503 (La.App. 4th Cir.1991). That presumption is rebuttable, as the burden now shifts to Toni to either disprove the change in circumstances alleged or prove other facts mitigating against the reduction. This case must be remanded for the presentation of her evidence.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for a continuation of trial on the merits. Assessment of the costs of this appeal shall await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] We, like the trial judge, believe that Ben Rushing's career change was made in good faith, and not in an effort to lower his economic stature so that he could reduce his child support payments, as was the case in McKenna v. Steen, 422 So.2d 615 (La.App. 3d Cir.1982), writ denied, 429 So.2d 157 (La.1983). The case sub judice is more akin to Daigre v. Daigre, 527 So.2d 9 (La.App. 3d Cir.1988).