MARVIN, Chief Judge.
In this action to modify custody and support of two children, the father appeals a judgment granting in part the demands of the mother.
The judgment removed from a 1990 joint custody plan the restriction placed on the mother regarding her “relocation of residence” and increased the monthly support obligation from $300 to $422.50.
We amend to recast the restriction on the mother’s voluntary relocation and, in light of the father’s decrease in earnings, to delete the increase in support. As amended, we affirm.
FACTS
The parties were divorced in 1990. The judgment of divorce awarded the parties joint custody of their two minor children in accordance with a detailed six-page joint custody plan. The mother was and is in the enlisted service of the Air Force. The father, who married again after the divorce, has worked as a salaried employee for various private employers. His second wife is gainfully employed. The provisions of the 1990 custody plan at issue in this appeal are quoted:
Relocation of Residence — It is agreed by and between the parties that KATHLEEN ANN LILES BARTO shall not request voluntary reassignment to any other area with the exception of [Cars-well Air Force Base near] Dallas-Ft. Worth, Texas or within a 180 mile radius of Dallas-Ft. Worth, Texas. (Our emphasis.)
Support — It is agreed by and between the parties herein that EDWARD JOSEPH BARTO shall pay unto KATHLEEN ANN LILES BARTO the sum of Three Hundred and 00/100 ($300) Dollars per month for the care and maintenance of the minor children.
The mother sought $900 past due child support and modification of the plan in late 1991. After a 1992 hearing, the judgment was signed May 14, 1992.
CHILD SUPPORT
With considerable discretion to modify support and custody, a trial court’s determination will not be disturbed on re *615 view unless a clear abuse of discretion is demonstrated. Goodall v. Goodall, 561 So.2d 867 (La.App. 2d Cir.1990). Modification of child support must be founded on a substantial change in circumstances of either the parent or child between the time of the previous award and the time of the motion for modification. LRS 9:311; Crowder v. Crowder, 595 So.2d 810 (La. App. 2d Cir.1992), writ denied; Goodall, supra.
In order to warrant modification of a child support award, the petitioning party logically must show that circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. For example, a parent seeking an increase in payments should be required to demonstrate an improvement in the payor’s financial condition, or greater needs by the minor. Crowder, supra, at 812.
The enactment of the child support guidelines shall not for that reason alone be considered a change of circumstances of either party. LRS 9:315.11.
The father contends that the trial court erred in finding a substantial change in circumstances. The father earned $1,625 per month at the time of the divorce. When the 1992 hearing was held he was earning $1,350 per month. During that period the mother’s income increased $80-$90 per month while the net monthly expenses of the mother and children increased approximately $50 per month. The record does not reveal the specific monetary needs of the children.
The mother contends that the father’s net income has increased after he remarried because his household expenses decreased as a result of his second wife’s earnings. LRS 9:315(6)(c) states:
The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
The wages of the father and his second wife are deposited in a joint checking account from which their household and other expenses are paid. The record contains no evidence which shows the income of the second wife, or which suggests that her income “is used directly to reduce the cost of [the father’s] actual expenses.”
In oral reasons for judgment, the trial court did not mention the income of the second wife. Notwithstanding the contention of the mother to the contrary, this record and the statute will not allow us to presume or find that the second’s wife earnings are “used directly to reduce the ... actual expenses” of the father as the statute requires.
The mother also contends that because the father voluntarily elected to reduce and shorten the children’s visitation periods, his expenses for maintaining the children have decreased while her expenses have increased. While this contention is not wholly illogical, the record does not suggest what specific expenses he has avoided by his election, which, in turn, may have been imposed on the mother. The trial court’s reasons do not indicate that this contention or factor was considered as a basis to increase the monthly support. We shall not consider this contention in the abstract.
The trial court increased the monthly support solely on the conclusion that “it costs more to raise children as they get older.” The mother’s modification action was heard 13 months after the divorce and custody plan were granted, 14 months after the mother instituted the action. During that period the father held three jobs, was sometimes unemployed and eventually found apparently stable employment earning $275 less per month than at the time of the divorce.
We must conclude that the record does not support a finding of a substantial change in circumstances that is necessary to modify the 1990 support award. We shall amend the judgment to delete the increase of the award.
*616 JOINT CUSTODY PLAN
The father contends that the trial court erred in deleting the “relocation of residence” restriction from the joint custody plan, citing Schelldorf v. Schelldorf, 568 So.2d 168 (La.App. 2d Cir.1990), and Stewart v. Stewart, 525 So.2d 218 (La.App. 2d Cir.1988). These cases recognize that where one parent is attempting to remove a child from the court’s jurisdiction, that parent must show that there is good reason for the move and that the move is in the child’s best interest. The father contends that the mother failed to prove that it was in the best interest of the children to grant her request to remove the “relocation of residence” restriction from the initial joint custody plan. He objects to her transferring to another base because this would restrict his visitation with the children.
Being in the Air Force, the mother contends that the only opportunities she has to enhance her career are to either obtain a B.S. degree (she is pursuing this goal) or accept another assignment that may require her to transfer to another base. When the divorce was granted in 1990, the mother intended to transfer to Carswell Air Force Base. Carswell AFB, however, is scheduled to be closed or curtailed by the Air Force, according to this 1992 record.
The mother further contends that as she is the stabilizing financial and nurturing force for the children, especially in view of the father’s past delinquency, her transfer will allow her to advance in rank and pay and thus ultimately benefit the children. She argues that the restriction on her relocation must be removed to allow her to take advantage of opportunities which might arise.
Under the circumstances of this record we conclude that it would not be in the interest of the children to resolve the relocation problem at one extreme or the other, no restriction at all or total restriction. The circumstances at the time relocation is available or sought, in the light of the best interest of the children at the time, seems to be the appropriate solution to the problem. Schelldorf, Stewart, cited supra.
We shall therefore amend the trial court’s judgment by providing that “Voluntary relocation shall not be sought by the mother without informing the father in writing of the reasons for the relocation and why relocation is in the best interest of the children and allowing the father a reasonable time to contest the decision of the mother to relocate. The original joint custody plan applies to involuntary relocation of the mother.” We shall remand to allow the litigant parents to implement other details of the circumstances and procedures by which any relocation problem hereafter arising may be resolved extra-judicially and how and when expeditious judicial resolution of the relocation problem may be sought.
DECREE
The judgment is amended to delete the increase in the monthly child support and to add this sentence to the decretal language in the judgment modifying the relocation restriction in the original child custody plan: “Voluntary relocation shall not be sought by the mother without informing the father in writing of the reasons for the relocation and why relocation is in the best interest of the children and allowing the father a reasonable time to contest the decision of the mother to relocate. The original joint custody plan applies to involuntary relocation of the mother.”
Amended and, as amended, affirmed. Remanded.