MARVIN, Chief Judge.
Debra Allen appeals a judgment denying her demand for child support. She contends the trial court wrongly applied LRS 9:311, and erred in failing to find a change of circumstances had occurred.
We affirm.
FACTS
Tommy and Debra Allen were legally separated in 1980. Custody of their minor daughter, Vikki Allen, was initially awarded the mother, the father being ordered to pay $175 monthly child support. In 1982, the father sought and obtained custody of the child.
On January 13,1986, the trial court’s judgment adopted a joint custody agreement between the parties, naming the mother as the domiciliary parent and granting the father reasonable visitation. The agreement contained this provision about child support:
Until further orders of this Court, Tommy G. Allen is not responsible for any type of child support. However, Tommy G. Allen has agreed to maintain the minor child Vikki Lynette Allen on his medical, hospitalization and dental insurance.
After the 1986 agreement and judgment, the child lived alternately with her mother, her father, and her maternal grandmother. The grandmother, who died in 1986, and the step-grandfather, who died in 1988, provided monetary support for the child, according to the mother.
After the deaths of her grandparents, the child lived with her father until May 1991, at which time she returned to live with her mother. The mother filed her rule for child support on March 16, 1992.
APPLICABILITY OF LRS 9:311
LRS 9:311A states:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The mother contends that the trial court erred in applying LRS 9:311 and requiring a showing of a “change of circumstances,” citing Arender v. Houston, 540 So.2d 439 (La. App. 1st Cir.1989). The mother argues that the 1986 judgment should be treated as if it was silent on the issue of child support because it did not award child support. On that premise, she contends that the statutory requirement of a “change of circumstances” is not necessary because there is no “award for support” to modify.
Arender, supra, however, is distinguished because there was no mention of child support in the rule for custody, and the Arender *1212 judgment contained no provisions about child support. Here, the January 13, 1986, trial court judgment was not silent as to child support. The judgment obligated the father to maintain specific insurance coverage on the child and effectively declared that the father was “not [otherwise] responsible for any type of child support,” until further orders of the court. Under these circumstances we do not find the trial court erred in applying LRS 9:311.
CHANGE IN CIRCUMSTANCES
A child support modification, even of a consent decree, must be justified by a substantial change of circumstances. Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.1992), writ denied; Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2d Cir.1989).
The mother seeks $360 monthly child support as warranted by the child support guidelines. She asserts the only reason the parties agreed that the father would not be responsible for child support in the 1986 Joint Custody Plan was because the grandparents were then supporting the child. She contends a change of circumstances occurred upon the deaths of the grandparents, who had provided the primary monetary support of the child. We have no evidence in this record, however, of the extent to which the grandparents supported the child.
On this record, we cannot find the trial court erred in concluding that the deaths of the grandparents did not constitute the required substantial change of circumstances. A spouse’s legal obligation to pay is not obviated by the gratuity of a non-parent. Vest v. Vest, 579 So.2d 1190 (La.App. 5th Cir.1991), writ denied; Gray v. Gray, 451 So.2d 579 (La.App. 2d Cir.1984), writ denied. In this context even a grandparent is a non-parent. Vest, supra. The fact or the termination of gratuitous support of a child by grandparents does not, of itself, necessarily constitute the substantial change of circumstances that is required to modify child support.
Here, the parties stipulated their respective income in 1986 and in 1991. In 1986 the mother’s gross income was $15,318 and in 1991 was $25,333. The gross income of the father, who had married another, in 1986 was $29,554 separate, and $38,979 joint, and in 1991 was $30,414 separate and $44,436 joint.
Where a mother’s income increased 44 percent, and the evidence demonstrated a comparable financial picture significantly more beneficial to her than to the father, we found no real change in circumstances and reversed a trial court judgment increasing the child support award. Crowder, supra.
Notwithstanding that the child is older and the grandparents have died, the only change of circumstance actually shown on this record relates to the mother’s increased ability to support the child. The mother’s 65 percent increase in salary is compared to the father’s mere three percent increase, 1986 to 1991. We find no error in the trial court’s conclusion that there was no substantial change of circumstances proved that would warrant an award of child support.
DECREE
At appellant’s cost, the trial court judgment is AFFIRMED.
LINDSAY, J., concurs in the result.