11 BROWN, Judge
Plaintiff, Barbara Mondello, appeals from the trial court’s judgment dismissing her action for an increase in child support. We reverse and remand.

FACTS

Plaintiff, Barbara Ward Mondello (now McCoy), and defendant, Stephen Mondello, were married in 1972. Two children were born during the marriage. In 1987, plaintiff and defendant were divorced and granted joint custody of their children, then 9 and 12 years old. Plaintiff was designated as the domiciliary parent. Pursuant to a consent decree, defendant’s child support obligation was set at $500 per month.
In 1993, plaintiff filed a rule to increase child support, asserting a significant increase in defendant’s income and the children’s living expenses. Finding that both plaintiff and defendant had realized substantial growth in their income, the trial court granted defendant’s motion for involuntary dismissal. The trial court reasoned that because the income of each party grew “as far as dollars and cents ... when you put these in the Crowder formula ... I don’t see how there is a net change in circumstances moving in the direction of the requested modification.”

DISCUSSION

In the instant case, child support was set prior to the enactment of the child support guidelines. This initial amount cannot be modified solely because the guidelines would provide for a greater sum; however, if the movant proves a substantial change in circumstances independent of the promulgation of the guidelines, the guidelines are applicable in revising the award. LSA-R.S. 9:315; Carter v. Carter, 591 So.2d 1313 (La. App. 2d Cir.1991).
|2Before a judgment or consent decree setting child support can be modified, a showing of substantial change in circumstances in the direction supporting a modification is required. LSA-R.S. 9:311(A); Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.1992). The party seeking modification bears the burden of proving such a substantial change in circumstances. Barto v. Barto, 618 So.2d 613 (La.App. 2d Cir.1993); Crow-der, supra.
Crowder, supra, must be read in the context of its facts. In Crowder, the payee sought an increase in child support from her former husband; however, the evidence established that the payee’s income had increased while the payor’s income remained the same. Furthermore, there was no showing that the needs of the children had changed. This court noted that to grant an increase in child support solely because the payee’s income had risen would be illogical. Crowder, 595 So.2d at 812. This court further noted that an upward modification was required whenever the petitioning parent demonstrated an improvement in the pay- or’s financial condition, a worsening in the payee’s financial condition or greater needs by the children. Id. (Emphasis added).
In the instant case, both plaintiff and defendant have realized significant increases in their income since entering into the consent decree in 1987. The evidence also shows that the parties have both remarried. Unlike Crowder, in the present ease, other changes have occurred. Plaintiff introduced uneontroverted evidence that the children’s expenses have risen dramatically since 1986. Although both parties have greater incomes, *398 the payee is the only party contributing to the increased expenses of the children. We find this situation to be illogical.
The trial court erred in finding that plaintiff did not establish that a substantial change in circumstances had occurred and in granting defendant’s | .-¡motion for involuntary dismissal. We thus remand the matter so that trial can be completed and child support set in accordance with LSA-R.S. 9:315 et seq.

CONCLUSION

For the reasons expressed above, the trial court’s judgment is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.