| iPRICE, Judge Pro Tempore
On December 21, 1993, Shell Don Humphrey, Sr. (herein “Humphrey”), the designated domiciliary parent of two minor children, filed a rule to fix child support from his former wife, Cynthia Leigh Bolden Humphrey Grant (herein “Grant”). She filed a motion for summary judgment, contending that there was no substantial change in circumstances to warrant an award of child support. After a hearing on the matter, the trial court granted the motion for summary judgment and dismissed Humphrey’s action. He now appeals from that judgment. For the following reasons, we reverse and remand.
FACTS
Humphrey and Grant were married on September 15, 1984. Two children, Shell Don Humphrey, Jr. and Robert Humphrey, were born of this marriage. The couple physically separated on or around March 11, 1989.
On March 13, 1989, Grant filed a petition for separation and for joint custody of the two minor children, with herself designated as the domiciliary parent. Humphrey reconvened and obtained a final divorce judgment on May 31, 1989. Attached to the judgment was a joint custody implementation plan which provided that each parent was to have custody on alternating weeks, and obligated Humphrey to pay day care expenses for the *93 minor children, There was no designation of a domiciliary parent.
On November 27, 1991, Humphrey filed a rule to modify the joint custody implementation plan. A proposed draft of a plan designating Humphrey as the domiciliary parent was signed by the parties but was never filed because Grant changed her mind.
On January 11, 1992, Grant married her live-in boyfriend. Shortly thereafter, her attorney wrote to Humphrey and informed him of Grant’s plans to move to Florida and her desire to be the domiciliary parent of the two minor children. The letter also stated that Grant would demand no child support and each party would be responsible for one-half of the medical and dental expenses not covered by insurance. In response, Humphrey filed a rule to change custody and for child support.
A hearing was held, and a judgment on the rules was rendered on February 11, 1992. The judgment, in accordance with the joint custody implementation plan attached thereto, maintained joint custody; designated Humphrey as the domiciliary parent; and declared that there be no order |2of child support at that time. However, the joint custody implementation plan required Humphrey to maintain medical insurance on the minor children, and each parent was obligated to pay one-half of all medical, dental, orthodontic, optical and drug expenses not covered by insurance which were incurred on behalf of the minor children.
At the time of the February 11,1992 judgment, neither parent was receiving earned income. Humphrey, a student, was surviving on loans and grants, the grants amounting to $156 per month. Grant had been employed for some months before the February judgment and secured employment a few months thereafter, but was voluntarily unemployed at the time of judgment. Approximately ten months later, this litigation followed.
After the hearing on the matter, the trial court concluded that this action was more properly characterized as a suit to modify child support and, therefore, a substantial change in circumstances had to be shown. Based upon the evidence before it, the trial court found that there had been no substantial change in circumstances to warrant an award of child support in favor of Humphrey, and sustained Grant’s motion for summary judgment. Upon appeal, there is no dispute as to the facts, only as to the applicable law.
Humphrey contends that the trial court erred in sustaining the motion for summary judgment and dismissing with prejudice his rule to fix child support. More specifically, he argues that the trial court erred in finding that this was an action to modify child support and, thus, in applying the burden of proof enunciated in LSA-R.S. 9:311. In the alternative, Humphrey argues that the facts support a finding of a substantial change in circumstances which justify an award of child support from Grant.
DISCUSSION
Both parties have raised the issue of the applicability of two cases in particular: Allen v. Allen, 626 So.2d 1210 (La.App.2d Cir.1993), and Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.), writ denied, 598 So.2d 358 (La.1992). The question in Allen was whether the action therein was for a fixing of child support or a modification of child support. Crowder set forth certain standards for determining whether or not there had been a substantial change in circumstances in accordance with LSA-R.S. 9:311. We do not interpret Allen or Crowder to create mechanical, inflexible rules that would deny child support in contravention of the best | -¡interest of the minor children. Conceding that LSA-R.S. 9:311 is applicable, we find that there has been a substantial change in circumstances.
To warrant modification of a child support award, the petitioning party must show that, since the time of the previous award, circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. LSA-R.S. 9:311(A); Crowder v. Crowder, supra. While this point of law enunciated in Crowder is applicable, that case is clearly factually distinguishable from the case at hand. In Crowder, the net positive change of circumstances was in favor of the payee parent seeking child support. The income of the payor parent from whom child support was sought remained the same. This court found that the substantial shift in circumstances was not consistent with the adjustment *94 sought. The instant case is unlike Crowder in that there is no prior award of child support in favor of a payee parent.
At the time of the February 11, 1992 judgment and joint custody implementation plan designating the father as the domiciliary parent, no child support was awarded. Since that prior judgment, the incomes of both the father and the mother have increased substantially. The mother’s income has increased from zero at the time of the prior judgment to $1386.67/month at present and the father’s income has increased from $156/ month (in grants) to $1,800/month. The net positive change in favor of both parents results in a substantial shift in circumstances consistent with the adjustment sought.
We find the present situation similar to Mondello v. Mondello, 26,332 (La.App. 2d Cir. 12/7/94), 647 So.2d 396, writ denied, 95-0026 (La. 2/9/95), 649 So.2d 430. In Mondel-lo, the mother of two children sought an increase in child support from the father. At the time an increase in child support was sought, both parents had realized a significant increase in their incomes and both parents had remarried. In addition, the children’s expenses had risen dramatically. This court held that a substantial change in circumstances had occurred.
While we have no evidence before us in the present case regarding any change in the children’s expenses, the evidence does show that one parent has remarried and the incomes of both parents have increased significantly. Following Mondello, we find that the substantial increase in the incomes of both parents, which enables them to contribute to the support of their children, equates to a substantial change of circumstances. Parents have an obligation to support their children and this type of case cannot be relegated to any rigid formula, but must be decided Uwith regard to the best interest of the children. We conclude that the trial court erred in sustaining Grant’s motion for summary judgment and in dismissing Humphrey’s rule to fix child support.
Once a substantial change in circumstances is established, the guidelines set forth in LSA-R.S. 9:315 et seq. are to be used in a proceeding to establish or modify child support. In determining the amount of child support to be awarded, the court must consider the needs of the child and the ability of the parents to pay. Id. The guidelines provide that the basic amount of child support shall be increased for the cost of medical insurance premiums, extraordinary medical expenses, expenses associated with a special or private elementary or secondary school to meet the particular needs of the child, and expenses for transportation of the child from one parent to the other. See LSA-R.S. 9:315.4, 9:315.5 and 9:315.6. The court may also consider as income the benefits a party derives from remarriage, expense sharing or another source. LSA-R.S. 9:315.6(c). Furthermore, the court may calculate the child support of a voluntarily unemployed or underemployed spouse upon a determination of his earning potential. LSA-R.S. 9:315.9.
Since the record does not contain the necessary evidence for a determination of child support under the guidelines, a remand to the trial court is necessary. See State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992); Richardson v. Richardson, 590 So.2d 1302 (La.App. 1st Cir.1991). Accordingly, we remand to the trial court for the proper determination of child support in accordance with the views expressed herein. Costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.